ORRIN BEEBE v. MYRON A. MORRELL.

*Attachment— Affidavit for writ— Formal requisites — Entitling— Filing with clerk—Failure to indorse time of receipt.*

1. It is the settled law of this State that there can be no valid writ of attachment without a *sufficient* affidavit.

2. The *formal* requisites of an affidavit are the title, venue, signature, jurat, and authentication.

3. The general rule is that an affidavit must be entitled in the suit in which it is to be used, and if it is entitled in a non-pending suit it is a nullity.

4. Our attention has not been called to any authority, in our own State or elsewhere, holding that an affidavit *filed* in a pending suit, and not entitled, is a nullity. The inquiry in *such* cases is, has the affidavit been *fully* identified as having been *filed* in *that* cause; and if so, the want of the formality of a title is of no consequence, since the title is for the purpose of identifying the *suit* in which the affidavit is designed to be used.

5. In civil proceedings courts may, and often do, refuse to hear affidavits read that are not properly entitled in a cause, because practice requires such entitlement.

6. A paper is said to be *filed* when it is *delivered* to the proper officer, and by him *received* to be kept on file.

7. The failure of the clerk to indorse upon an affidavit for attachment the time it was *received*, or his neglect to keep it on *file*, or his *attaching* it to the writ of attachment, will not affect the validity of such writ.

Error to Kalkaska. (Aldrich, J.) Argued June 7, 1889. Decided July 11, 1889.

Trover for attached property. Defendant brings error. Reversed. The facts, and *points* of counsel passed upon, are stated in the opinion.

*Willis B. Perkins (Charles B. Lothrop,* of counsel), for appellant.

*W. D. Totten* and *J. L. Boyd,* for plaintiff.

CHAMPLIN, J.' The defendant is the sheriff of Kalkaska county. He was sued in trover by Beebe, and justified under a writ of attachment issued out of the circuit court for the county of Kalkaska, and to him directed, on the eighth day of September, 1888, in a certain suit wherein Charles T. Fletcher, Charles C. Jenks, George G. Boyne, and James A. Whiting were plaintiffs, and Waldron N. Noteware and George H. Beebe were defendants.

On the trial the plaintiff gave evidence tending to show title in the property, and the damages, and the seizure and possession of the goods by defendant. The sheriff identified the writ of attachment as the one under which he seized and inventoried the goods in question. His counsel then offered the writ of attachment, and the files, records, and calendar entries in the same, in evidence. No judgment had been rendered in the cause in which the attachment was issued. It appeared from the original files, as produced, that the affidavit in attachment consisted of one sheet at the time of the production, and was annexed to the writ of attachment. The return to the writ was also attached thereto, all constituting one package or file, which package was indorsed with the title of the cause and the date of filing, Oct. 2, 1888.

The affidavit was the first paper, and had no separate indorsement, title of the cause, or filing. To the admission of which writ of attachment in evidence, and the files and records, the plaintiff objected, on the following grounds:

"1. That the affidavit was not entitled in the cause.

" 2. It did not recite the commencement of suit by declaration in which said attachment was issued, nor show that at the time said affidavit was made the declaration had been served upon said defendants in said cause, or either of them.

' 3. The records in said cause did not show that said affidavit was ever filed in said cause.

" 4. At the time said attachment was issued there was nothing on file in the office of the clerk of said court to show that the declaration in said cause had ever been served personally on either of the defendants in said cause.

"5. There is nothing in the attachment proceedings to show that the copy of the declaration was served upon either of the defendants before the said writ of attachment issued,. and the attachment does not recite such service.''

Defendant then showed that no judgment had been entered in said cause in which said writ of attachment was issued, and then moved the court, the attorneys for the plaintiffs in said attachment suit being the same as the attorneys for the defendant in this cause and then present in court, that. said affidavit in attachment might be amended by properly entitling the same in said cause, and that the records in said attachment suit might be amended ; and offered to show by oral testimony that said affidavit was actually filed therein on the day it was made, in the manner following :

That said affidavit was duly taken to the clerk of the court on the day it was made, and that at that time the attachment then issued was attached to the back of said affidavit, and to the back of these papers was attached a cover, with the title of the cause indorsed thereon, and at the request of the plaintiffs' attorney the same was then marked by the clerk of said court "Filed," the date of filing, and was signed by said clerk,and was taken away from said clerk's office together with the affidavit, and placed in the hands of the sheriff ; and that, upon the return of the sheriff being made and attached thereto, the said cover, upon which was the entitling and memorandum of filing, was lost; that diligent search had been made for the same, and that defendant had been unable to find it; also that the clerk of said court had no recollection of any circumstances connected with the filing of said affidavit, or whether said affidavit was in fact filed or not.

The proposed amendment and the proposed proof were duly objected to. The court sustained the objections, and further held that for the defects specified in the objections to the introduction of the writ, and files and records, the same were void and of no effect as against the rights of the plaint-

iff in said cause, and refused to admit said writ of attachment, files, records, and entries in evidence.

He also refused to permit the defendant to show that the title of the plaintiff to the goods was fraudulent and void as to the creditors of George H. Beebe and Waldron R. Noteware.

The files and records offered and excluded are returned, and appear in the bill of exceptions, from which it appears that suit was commenced by Charles T. Fletcher, Charles C. Jenks, George G. Boyne, and James Whiting against Waldron R. Notewere and George H. Beebe, on the third day of September, 1888, by filing declaration and entering a rule to plead. The declaration, with notice of the rule to plead indorsed thereon, was served upon the defendants personally on the third day of September aforesaid, so that the suit was fully commenced upon that day, according to the provisions of the statute.

The sheriff did not file his return of service until the seventeenth of September, 1888. In the meantime, and on the eighth day of September, 1888, Charles C. Jenks, one of the members of the firm of Fletcher, Jenks & Co., who were the plaintiffs in the suit commenced by declaration, made an affidavit, of which the following is a copy:

"State of Michigan, ⎱ ss.
"County of Kalkaska, ⎰

"Charles C. Jenks, being duly sworn, deposes and says that he is a member of the firm of Fletcher, Jenks & Co., composed of Charles T. Fletcher, Charles C. Jenks, George G. Boyne, and James A Whiting, doing business at Detroit, Michigan, and makes this affidavit in behalf of said firm, having authority so to do.

"Deponent further says that Noteware & Beebe, a firm composed of Waldron R. Noteware and George H. Beebe, residing and doing business at Kalkaska, Kalkaska county, in said State, are indebted to the said firm of Fletcher, Jenks & Co., plaintiffs, in the sum of $1,000, over and above all legal set-offs, as near as may be, and as near as this deponent

can estimate the same, and that the same is now due and payable upon express contract.

" Deponent further says that he has good reason to believe, and does believe, that the said Noteware & Beebe have assigned and disposed of their property with intent to defraud their creditors. Further deponent saith not. ·

" CHARLES C. JENKS. ·

"Subscribed and sworn to before me this eighth day of September, A. D. 1888.

"FRED L. SWEET,
" Notary Public for Kalkaska county, Mich."

This affidavit is produced, annexed to the writ of attachment. There is no filing by the clerk upon the back thereof, but the writ of attachment to which it is annexed bears date the eighth day of September, 1888, and recites that the plaintiffs therein did on the third day of September, 1888, commence a suit in the circuit court for the county of Kalkaska, in said State, against Waldron R. Noteware and George H. Beebe, by filing declaration pursuant to the statute in such case made and provided. This writ was signed by the clerk of the court, and issued under its seal, and was returnable on the second day of October, 1888. Under this writ the sheriff seized the property in dispute on the eighth day of September, had it appraised, and on the twenty-ninth day of September personally served the defendants with a true and certified copy of the writ, together with a true and certified copy of the inventory and appraisal of the property seized.

It is the settled law of this State that there can be no valid writ of attachment without a sufficient affidavit.

There are two objections to the validity of the writ, which are the only ones of sufficient importance to demand notice:

1. The affidavit was not entitled in the cause in which it was required to be filed.

2. The affidavit was not in fact filed with the clerk before the writ issued.

The formal requisites of an affidavit are the title, venue,

signature, jurat, and authentication. This affidavit contains all the formal parts, except the title or entitling in the cause. The general rule is that the affidavit must be entitled in the suit in which it is to be used. If there be no suit pending at the time, of course, the affidavit must not be entitled. If a suit be pending, and the affidavit is entitled in a suit not pending, the affidavit is a nullity.

It is stated that the reason why the affidavit must be properly entitled is that otherwise perjury cannot be assigned upon it. And it is said that this rule had its origin in England. But an examination of the English cases will show that the rule there laid down was that affidavits for attachments for contempt, and to hold to bail, and others of that class, made when no suit was pending, if entitled, would be nullities, because no suit was pending in which they were entitled, and hence perjury could not be assigned upon them; but none of them decide, if an affidavit is made and used in a cause pending, and is not entitled, that perjury cannot be assigned upon it. This seems to be the test of sufficiency, so far as this formality is concerned.

It was held in 41 Eng. Law and Eq. 214, that perjury would lie although the affidavit was not entitled in all the names of the defendants. 1 Russ. Crimes, 668. And in 2 Eng. Law and Eq. 236, it was held that the title need not have been written upon the affidavit when made, if it be shown that it was made for the purposes of the suit in which it was filed, and for no other purpose. It was also held in *King v. Harrington*, 14 Mich. 540, that an affidavit not entitled is sufficient if it refers to another paper appended which is properly entitled. In such case it must be assumed to have adopted the title by reference.

Our attention has not been called to any authorities, in our own State or elsewhere, where it has been held that an affidavit filed in a pending suit not entitled is a nullity. The inquiry in such cases is, has the affidavit been fully identified.

as having been filed in that cause? If it has, then the want of the formality of a title is of no consequence, since the title is for the purpose of identifying the suit in which the affidavit is designed to be used. *Harris v. Lester*, 80 Ill. 307. In this case the affidavit is fully identified as having been made to be used in the cause commenced by declaration, and as a basis for the attachment writ. It is attached to such writ, which specifies the suit by the names of the parties, and when and how commenced. In civil proceedings courts may, and often do, refuse to hear affidavits that are not properly entitled in a cause read, because practice requires papers read in a cause to be correctly entitled.

The other objection will now be noticed. The statute provides:

" At any time after said summons or declaration shall have been personally served on the defendant or defendants, or either of them, the plaintiff, or some person in his behalf, may make and file with the clerk of the court in which such action shall have been commenced an affidavit, which affidavit shall conform to and be governed by the provisions of section 2, chap. 114, Rev. Stat. 1846, and being chapter 140, Comp. Laws."

Section 3 (How. Stat. § 8020) enacts:

" Upon filing such affidavit, said clerk shall issue a writ of attachment, which writ shall recite the commencement of said action,"etc.

Now, we have the undisputed fact that the clerk did issue the writ of attachment, and that an affidavit was made,— everything requisite except the evidence of the fact of filing by the indorsement of that fact upon the paper by the clerk. This indorsement is not what is meant by the statute when it says the plaintiff may make and file with the clerk an affidavit. A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file. 13 Vin. Abr. 211; Bouv. Law. Dict. That the affidavit was delivered to the clerk, and by him received, to be kept on file

is satisfactorily evidenced by the undisputed fact that he issued the writ which the statute only permits " upon filing such affidavit." That he did not indorse upon the affidavit the time it was received, or that he neglected to keep it on file, and attached it, or permitted it to be attached, to the writ, did not affect the validity of the writ or make it void. The presumptions are that it was filed with the clerk before the writ issued.

In *Hubardston Lumber Co. v. Covert*, 35 Mich. 254, it was laid down, and supported by authority, that, where two acts are to be done at the same time, that shall take effect first which ought in strictness to have been done first in order to give it effect. If the affidavit had been taken from the files without authority, it had been returned thereto again, and was with the files of the case when offered in evidence. No question was made as to its identity. Had there been, it could have been supplied by oral proof. We have had occasion in probate proceedings to disregard objections made to want of the indorsement of the time of filing papers when they were produced from the proper office and sufficiently identified. The court erred in not admitting the files and records in evidence.

The judgment is reversed, and a new trial granted.

The other Justices concurred