PEOPLE *v*. MADIGAN.

1. RECORDS—FILING DOCUMENTS—WHEN FILED.

A paper or document is filed, so far as the rights of the parties are concerned, when it is delivered to and received by the proper officer to be kept on file, and the indorsement of the officer with whom it is filed is but evidence of the time of filing.

2. INTOXICATING LIQUORS—AFFIDAVITS—SEARCH WARRANTS—FILING AFFIDAVIT.

Although an affidavit for the issuance of a search warrant bears no filing date, where it appears by the return that it was delivered to the police judge and by him received to be kept on file, and the search warrant issued, it was sufficient; the statute not in express terms requiring the officer to indorse anything upon it.

3. SAME—CRIMINAL LAW—ELECTION OF COUNTS—TRIAL.

In a prosecution for violation of the prohibition law, where the information contained two counts, the first charging an illegal sale to one G., and the second charging the keeping of a place where intoxicating liquors were sold, etc., between certain dates, the trial court was not in error, after the examination of three witnesses, in not then compelling the prosecutor to elect upon which count he would ask for conviction, where the prosecutor later elected to proceed under the second count, and the testimony given was within the period alleged in the second count.

4. SAME—CRIMINAL LAW—PRINCIPALS.

All who aid or assist in keeping a place for the illegal sale of intoxicating liquors, whether as owner or clerk, are principals.

5. SAME — ACQUITTAL OF EMPLOYEE NOT PREJUDICIAL TO PROPRIETOR JOINTLY CHARGED.

In a prosecution of the proprietor and his employee for keeping a place where intoxicating liquors were il-

legally sold, etc., there was nothing legally prejudicial to
the proprietor, who was convicted, in the acquittal of the
employee.

Exceptions before judgment from Jackson; Parkinson (James A.), J.    Submitted April 26, 1923.
(Docket No. 133.)    Decided June 4, 1923.

Daniel Madigan was convicted of violating the
liquor law.    Affirmed.

*John F. Henigan,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E.
Barnard,* Assistant Prosecuting Attorney, for the
people.

STEERE, J.    Defendant was convicted of unlawfully
keeping a place on Cooper street in the city of Jackson,
called a soft drink parlor, where intoxicating liquors
were kept for sale and sold in violation of the prohibition law.    Two lines of proof were introduced by the
prosecution to show his guilt, one being the testimony
of witnesses who had patronized the place and purchased moonshine whisky there and the other evidence
secured by officers under a search warrant.

Of the several errors assigned the two particularly
urged by defendant's counsel are directed against the
validity of the search warrant and refusal of the court
to compel the prosecution to elect between counts early
in the trial of the cause.    The record discloses that
two affidavits were made before the police judge to
procure search warrants, one by William L. Rowley
and the other by Paul Gray, each swearing amongst
other things that he had purchased moonshine whisky
at 25 cents a glass at the place charged, Rowley on
September 9th and Gray on September 14, 1921.

The search warrant involved here, dated September

15, 1921, shows that it was issued upon the "affidavit and complaint on oath in writing of Paul Gray of Jackson in said county and State taken and made before me, John Simpson, police judge of the city of Jackson, in said county, upon the 15th day of September, A. D. 1921," etc.

Evidence secured in service of this search warrant was apparently returned by the committing magistrate, as its validity was attacked by defendant's counsel in a motion made before trial began to suppress the evidence obtained under it, the ground calling for consideration being:

"Because the affidavit and search warrant were not filed with the police judge who issued the search warrant, as required by law."

It also appears from statements made in the briefs of counsel, both for the prosecution and defendant, that two other search warrants had been issued based upon the affidavit and complaint of Rowley, one dated September 10, 1921, which was not served, and one dated September 16, 1921, which was served as return made by the officer shows. Both were apparently before the court in connection with defendant's motion to quash. The return of the committing magistrate does not appear in the record, but in disposing of the motion the court said in part:

"The police magistrate has made a return, and as a part thereof, are two affidavits, by William F. Rowley, and Paul Gray. It is a correct statement that the affidavit of Gray as returned with the return, bears no filing mark. The affidavit of Rowley, however, bears the indorsement, 'Filed this 10th day of September A. D. 1921. John Simpson, police judge.' * * * That this affidavit (Gray's) was delivered to the police judge and by him received to be kept on file, is evidenced by the undisputed facts that he issued a search warrant which the State only permits upon the filing of such affidavit. * * *

"The return states that the affidavit had been made and the affidavit is attached to the return.    I think the case is very similar to the case of *Beebe* v. *Morrell*, 76 Mich. 114 (15 Am. St. Rep. 288)."

It is a well recognized general rule that a paper or document is filed, so far as the rights of the parties are concerned, when it is delivered to and received by the proper officer to be kept on file, and the indorsement of the officer with whom it is filed is but evidence of the time of filing.    The *Beebe Case* was an action commenced by attachment.    No filing mark by the clerk of the court appeared on the affidavit for the writ.    The statute upon that subject requires a proper affidavit showing grounds for attachment to be filed with the clerk before the writ can issue, just as the statute relating to search warrants requires an affidavit showing grounds therefor to be filed with the magistrate before a search warrant can issue.    It was undisputed that an affidavit for attachment had been made and left with the clerk to be kept by him as a file in the case and he issued the writ of attachment. This court there said as to the neglect of the clerk to indorse a filing mark on the affidavit:

"This indorsement is not what is meant by the statute when it says the plaintiff may make and file with the clerk an affidavit.    A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file.    That the affidavit was delivered to the clerk, and by him received to be kept on file is satisfactorily evidenced by the undisputed fact that he issued the writ, which the statute only permits 'upon filing such affidavit.' "

Counsel for defendant points out in avoidance of the *Beebe Case* that it was a civil action, while this is a criminal prosecution in which it is urged a stricter compliance with statutory requirements should be enforced.    The question raised in both cases is that

of jurisdiction under statutory requirements. We do not find that this court has ever recognized such distinction where the question is only one of jurisdiction, and no authority is cited to support that contention. To the contrary, it is incidentally said in *People* v. *Fisch*, 164 Mich. 680, a criminal case involving conviction of violating the local option law:

"It is evident that this affidavit was delivered to the clerk on or before May 2d. That was a sufficient 'filing with the clerk' under the statute, which does not in express terms require him to indorse anything upon it."

Neither does the statute involved here. In 25 C. J. p. 1124, the rule is stated as follows:

"The word 'filed' has a well defined meaning, signifying delivered to the proper officer and by him received to be kept on file; delivered into the actual custody of the officer designated by the statute, to be kept by him as a permanent record of his office."

A large number of cases from many jurisdictions are then cited to sustain this general rule, which deal with the question in its various aspects.

The information contains two counts, the first charging defendant Madigan and one William Brown with selling intoxicating liquor called "moonshine whisky" to Paul Gray on September 14, 1921. The second charges them with keeping a place, describing it, where intoxicating liquors were sold, stored for sale, etc., on divers days and times between May 1, 1918, and September 1, 1921.

Upon the trial the prosecution introduced the testimony of three witnesses and commenced with examination of the fourth before any claim was made in defendant's behalf that the prosecutor elect upon which count he would ask for conviction. The testimony introduced up to that time related to what was

discovered by the officers in serving their search warrant.     The court did not then compel the prosecutor to elect but allowed him to proceed with the introduction of testimony tending to prove the second offense charged as well as the first.     When Paul Gray was called as a witness defendant's counsel renewed their motion that an election be required, although admitting that his testimony would also be competent under the second count.     After some discussion and before any further testimony was introduced the prosecution elected to proceed under the second count. All testimony showing sales to Gray and others as well as that of the officers as to finding liquor stored and kept for sale in the place charged related to recent events and was well within the period alleged in the second count.

Complaint is also made of the following excerpt from the charge:

"Now, the people claim that both Madigan and Brown ran this place, they have introduced evidence which they contend should convince you of that."

Madigan was shown to have been proprietor of the place.   Brown was shown to have been there at different times, apparently as a helper or employee, and the officers testified to his attempting to destroy or conceal some of the moonshine whisky found there when they made search of the place and seizure under their warrant.

"All who aid or assist in keeping a place of this character, whether as owner or clerk, are principals." *People* v. *Barnes,* 113 Mich. 213.

The jury had the right to convict or acquit one or both of the defendants jointly informed against. There was abundant evidence to carry the case to the jury as to both.   They saw fit to convict Madigan and

acquit Brown. There was nothing legally prejudicial to Madigan in the acquittal of Brown. The charge was plain, clear and fair. We find no error in the proceedings calling for reversal.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.