DETROIT UNITED RAILWAY v. DEPARTMENT OF LABOR AND INDUSTRY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CLAIM OF REVIEW MUST BE FILED WITHIN TEN DAYS.

   A claim of review of the decision of the committee on arbitration under the workmen's compensation act must be filed with the department of labor and industry within ten days; mailing it within ten days not being sufficient compliance with the statute.[1]

2. SAME—RIGHT TO REVIEW IS STATUTORY.

   The right to review an award of the committee on arbitration is statutory, and the statute must be followed.[2]

[1]Workmen's Compensation Acts, C. J. § 116 (Anno); [2]Id., C. J. § 116 (Anno).

On the question as to time within which notice of injury must be given or claim filed for compensation under workmen's compensation acts, see notes in L. R. A. 1918E, 559.

Mandamus by the Detroit United Railway to compel the Department of Labor and Industry to file a claim of review. Submitted June 2, 1925. (Calendar No. 31,841.) Writ denied July 16, 1925.

*William G. Fitzpatrick* (*George M. O'Connor,* of counsel), for plaintiff.

*Andrew B. Dougherty,* Attorney General, and *Henry S. Sweeny,* Assistant Attorney General, for defendant.

CLARK, J. Mandamus to compel the department of labor and industry to file a claim for review under section 5461, Comp. Laws Supp. 1922:

"The committee of arbitration shall make such inquiries and investigations as it shall deem necessary. The hearings of the committee shall be held at the locality where the injury occurred, and the decision of the committee shall be filed with the industrial accident board. Unless a claim for a review is filed by either party within ten days, the decision shall stand as the decision of the industrial accident board; *Provided,* That said industrial accident board may, for sufficient cause shown, grant further time in which to claim such review."

The decision of the committee on arbitration was filed with the department on October 24th. . Petitioner, here, defendant there, mailed claim for review in the postoffice at Detroit on November 3d. The claim was received by the department on November 5th and refused, as not having been filed within ten days from the filing of the decision on arbitration. Petitioner had to and including November 3d to file its claim for review. This excludes October 24th, the day on which the decision was filed. Depositing the claim in the mail within ten days will not suffice for the statute requires that it be filed within the time. Review is statutory and the statute must be followed.

See *Brunette* v. *Quincy Mining Co.,* 197 Mich. 301; *Kalucki* v. *American Car & Foundry Co.,* 200 Mich. 604.

Writ denied, with costs to defendant.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.    WIEST, J., did not sit.