SOVEY *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—FILING OF AWARD—APPEAL TO DE-
PARTMENT.

The statutory emphasis on filing an award, as well as the nec-
essities of orderly procedure, renders it evident that the time
for an appeal from an award of the deputy commissioner to
the department of labor and industry begins to run on the
filing of the deputy's award with the department (2 Comp.
Laws 1929, § 8447).

2. SAME—STATUTORY PERIOD FOR APPEAL IS MANDATORY.

Under workmen's compensation act stating the purpose that the
procedure shall be as summary as reasonably may be and
prescribing a period of 10 days for appeal from deputy com-
missioner to the department, such period for appeal is *held,*
mandatory (2 Comp. Laws 1929, §§ 8442, 8447).

3. TIME—STATUTES—COURT RULES—SUNDAY.

In judicial proceedings, limitations of time set forth by statute,
as distinguished from court rules, are imperative and the
period is not extended because the last day of the prescribed
time falls on Sunday.

4. WORKMEN'S COMPENSATION—PERIOD FOR APPEAL—COMPUTATION
OF TIME.

In prescribing the time for appeal in the *quasi*-judicial proceed-
ings under the workmen's compensation act, the legislature
must be deemed to have done so in the light of repeated deci-
sions of the Supreme Court relative to the computation of stat-
utory limitations of time (2 Comp. Laws 1929, § 8447).

5. SAME—PERIOD FOR APPEAL—STATUTES—DEPARTMENTAL RULE.

Department of labor and industry has no jurisdiction to change
or enlarge period for appeal from deputy commissioner to the
department, fixed by statute by rule providing for perform-
ance of certain acts on Monday when last day of the period
falls on Sunday (2 Comp. Laws 1929, §§ 8442, 8447; Dept. of
Labor and Industry, September, 1935, Rule No. 3, § 9).

6. SAME — APPEAL FROM DEPUTY COMMISSIONER TO DEPARTMENT —
TIME—JURISDICTION.

Appeal from award of deputy commissioner to department of
labor and industry, filed by telegram on 11th day after filing
of deputy's award and filed formally on the 13th day, *held*,
too late to confer jurisdiction upon department to hear such
appeal, even though telegraphic appeal be deemed formally
sufficient and notwithstanding 10th day fell on Sunday, where
question was brought to the attention of the department be-
fore decision (2 Comp. Laws 1929, §§ 8442, 8447; Dept. of
Labor and Industry, September, 1935, Rule No. 3, § 9).

Appeal from Department of Labor and Industry.
Submitted January 7, 1937. (Docket No. 14, Cal-
endar No. 39,162.) Decided April 14, 1937.

Theodore Sovey presented his claim against Ford
Motor Company, employer, for compensation for
personal injuries suffered in defendant's employ.
Award to plaintiff by deputy commissioner. De-
fendants appealed to Department of Labor and In-
dustry. Award reversed. Plaintiff appeals in
nature of certiorari. Reversed.

*Derham & Derham*, for plaintiff.

*Charles D. Symonds* and *Ray E. MacAllister*, for
defendant.

FEAD, C. J. Plaintiff had an award of com-
pensation, made by a deputy commissioner on Feb-
ruary 10, 1936, and filed with the department Febru-
ary 13th. On appeal by defendant the department
vacated the award and denied plaintiff compensa-
tion.

The principal question is whether the appeal taken
by defendant to the department was timely. It
claims it appealed by telegram on February 24th. It

filed formal appeal February 26th. We assume, but do not decide, that the claimed appeal by telegram was formally sufficient.

Section 8447, 2 Comp. Laws 1929, reads in part:

"The hearings of the committee (deputy commissioner) shall be held at the locality where the injury occurred, and the decision of the committee shall be filed with the industrial accident board.* Unless a claim for a review is filed by either party within ten days, the decision shall stand as the decision of the industrial accident board: Provided, That said industrial accident board may, for sufficient cause shown, grant further time in which to claim such review."

The statutory emphasis on filing, as well as the necessities of orderly procedure, renders it evident that the time for appeal begins to run on the filing of the award of the deputy commissioner with the department.

The 10-day period from filing the award of the deputy commissioner expired February 23rd, which was Sunday. The issue is whether the appeal taken the next day was in time.

The statute states the purpose that the procedure shall be "as summary as reasonably may be." 2 Comp. Laws 1929, § 8442. The statutory period for appeal is mandatory. *Brunette* v. *Quincy Mining Co.*, 197 Mich. 301 (16 N. C. C. A. 743); *Kalucki* v. *American Car & Foundry Co.*, 200 Mich. 604; *Detroit United Railway* v. *Department of Labor & Industry*, 231 Mich. 539.

Recognizing a conflict of authority thereon, this court consistently has held that statutory limita-

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—Reporter.

tions of time in judicial proceedings, as distinguished from court rules, are imperative; and the period is not extended because the last day of the prescribed time falls on Sunday. *Drake* v. *Andrews,* 2 Mich. 203; *Harrison* v. *Sager,* 27 Mich. 476; *Dale* v. *Lavigne,* 31 Mich. 149; *Vohlers* v. *E. H. Stafford Manfg. Co.,* 171 Mich. 8 (Ann. Cas. 1914 B, 1032).

The legislature must be deemed to have prescribed the time for appeal in these *quasi*-judicial proceedings in the light of such rulings. They are controlling.

Defendant, however, contends that its appeal was timely under rule of the department, adopted under authority of 2 Comp. Laws 1929, § 8442, and which provides for the performance of certain acts on Monday when the last day of the period falls on Sunday.*  Aside from doubt as to the rule governing appeals, the department has no jurisdiction to change a statute or enlarge it by rule. *Butler* v. *Millman,* 271 Mich. 113; *Brunette* v. *Quincy Mining Co., supra.*

The question was brought to the attention of the department before decision. The appeal was too late and the department had no jurisdiction to hear it. The award of the deputy commissioner is in force.

Reversed.

North, Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.

---

* See Rules of Practice and Procedure, Department of Labor and Industry, No. 3, § 9, September, 1935.—Reporter.