KING v CALUMET & HECLA CORPORATION

1. UNEMPLOYMENT COMPENSATION—CLAIM OF APPEAL—FILING—TIME.
    Mailing of an appeal does not constitute filing of the appeal for
    the purpose of determining whether an appeal was filed within
    the time period prescribed by the Employment Security Act for
    the taking of an appeal from a referee's decision (MCLA
    421.33).

2. UNEMPLOYMENT COMPENSATION—CLAIM OF APPEAL—FILING—TIME.
    A determination by the Employment Security Appeal Board that
    plaintiff failed to file his claim of appeal from a referee's
    decision within the statutorily-prescribed 15-day period either
    personally or by mail was supported by competent, material
    and substantial evidence in the record where, although plain-
    tiff's attorney testified that he had personally brought a copy of
    the claim of appeal to the Employment Security Commission's
    branch office on the fifteenth day and mailed a copy to the
    branch office that day, personnel of the branch office testified
    that they had not received an appeal from plaintiff's attorney
    on that day, either personally or by mail, and where the
    board's file copy of the claim was stamped as being received on
    the seventeenth day (MCLA 421.33, 421.38).

Appeal from Houghton, Stephen D. Condon, J.
Submitted Division 3 June 15, 1972, at Iron Moun-
tain. (Docket No. 11691.) Decided October 24, 1972.

Bruce D. King presented his claim for unemploy-
ment compensation against the Calumet & Hecla
Corporation. Benefits denied. Plaintiff appealed to
the Employment Security Appeal Board. Appeal
dismissed for lack of jurisdiction. Plaintiff ap-
pealed to circuit court. Affirmed. Plaintiff appeals.
Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur 2d, Notice §§ 26, 27.

*Wisti & Jaaskelainen,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. J. Setlock,* Assistant Attorney General, for defendant MESC.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

FITZGERALD, P. J. This case originated upon the filing by plaintiff, Bruce D. King, with the Michigan Employment Security Commission, of a claim for unemployment benefits. From the decision of a hearing referee, the commission's appeal board dismissed an appeal filed by plaintiff with the board on the ground that the board lacked jurisdiction over the case. On appeal, the Houghton County Circuit Court determined that the board's dismissal of the case was proper. Plaintiff appeals from the determination of the circuit court.

Plaintiff was an employee of defendant Calumet and Hecla Corporation until August 26, 1968, at which time his employment was terminated because of a general labor strike which began on August 21, 1968. He filed a claim for unemployment benefits on August 23, 1968, and a renewed claim for benefits on December 13, 1968. Following a determination by the commission, on September 3, 1968, that plaintiff-employee was disqualified for benefits, it was held, pursuant to a redetermination issued by the commission on December 24, 1968, that plaintiff was eligible for benefits.

On January 7, 1969, the commission's redetermination was appealed by the defendant-employer to a referee.[1] After a hearing on April 1, 1969, the

[1] Section 32a of the Employment Security Act, 1965 PA 281, provides in part:

"The commission shall upon application by an interested party filed

referee issued his decision, on April 18, 1969, reversing the commission's redetermination and holding that plaintiff was disqualified for benefits from August 26, 1968, to the date of hearing, April 1, 1969.

The parties to this appeal agree that the last day for filing an appeal with the Employment Security Commission Appeal Board, from the referee's determination, was May 5, 1969. In that regard, MCLA 421.33; MSA 17.535, being section 33 of the Employment Security Act, provides in pertinent part:

"Any interested party within 15 days after the mailing of a copy of a decision of the referee or of a denial of a motion for rehearing may file an appeal therefrom to the appeal board, and unless such an appeal is filed the decision or denial shall be final."[2]

Further, the parties agree, and the record reveals, that the appeal board stamped May 7, 1969, as the date of receiving the appeal which was filed with the board by plaintiff's attorney on behalf of the claimant, plaintiff herein. That date was beyond the 15-day statutory appeal period.

This matter having come on for hearing before the appeal board on October 30, 1969, the board,

with the commission within 15 days after the mailing or personal service of a notice of determination, or may upon its own motion within said period, review any determination and thereafter issue a redetermination affirming, modifying or reversing the prior determination and stating the reasons therefor. The commission shall promptly notify the interested parties of such redetermination which shall become final unless within 15 days after the mailing or personal service of a notice thereof an appeal is filed with the commission for a hearing on such redetermination before a referee * * * ." MCLA 421.32a; MSA 17.534(1).

[2] MCLA 421.49; MSA 17.553(1) provides in part:

"Whenever the last day of the 15-day period, provided for in sections * * * 33 * * * falls on a Saturday, Sunday or legal holiday, such 15-day period shall run until the end of the next day which is neither a Saturday, Sunday, nor legal holiday."

on January 12, 1970, issued an order remanding the case to a referee for the purpose of taking and receiving evidence in connection with the timeliness of filing the appeal. Said order appears to have been based in part upon an affidavit filed by plaintiff's attorney, wherein he averred that a claim of appeal was in fact personally served on May 5, 1969, upon personnel at the commission's Calumet, Michigan branch office.

At the ordered hearing before the referee on April 2, 1970, the commission's Calumet branch office personnel, who were present at the office on May 5, 1969, testified that they had not received an appeal on that date, either through the mail or personally, from plaintiff's attorney. The attorney, on the other hand, testified that he had personally brought a copy of plaintiff's claim of appeal to the Calumet branch office and thought—but could not state positively—that he had handed the claim to a Mrs. Perrault on that date. He further maintained that he had also mailed a copy of the appeal to that office. Mrs. Perrault stated that to the best of her knowledge, she did not receive a notice of appeal from plaintiff's attorney on May 5, 1969.

The appeal board, on the basis of the hearing testimony, dismissed the appeal on July 2, 1970, for lack of jurisdiction. The order of dismissal contained in part the following:

"Having considered all the facts and circumstances attending the filing of the claimant's appeal to this appeal board in this matter, it is the conclusion of the majority of this appeal board that it has not been established that said appeal was timely filed within the requirements of section 33 of the act as qualified in this instance by section 49 [footnote 2] of the act or within the requirements of rule 31 of rules of practice before referees and appeal board. Under these circumstances,

it is the opinion of the majority of this appeal board that this appeal board has no jurisdiction or authority to review the referee's decision and said appeal must be dismissed."

The circuit court, on appeal, affirmed the order of the appeal board, stating in its opinion in part:

"The undisputed record shows that the envelope containing the notice or claim of appeal addressed to the appeal board at its Detroit office was stamped and postmarked at the post office at Hancock, Michigan on May 5th, 1969, and was stamped as received at the office of the appeal board two days later on the 7th of May, 1969.

"Our Supreme Court on a number of occasions has held that 'mailing is not filing' within the meaning of the statute.

* * *

"The court concludes that the findings of the appeal board, that the instant appeal was not filed within the statutory 15-day period and dismissing the same for lack of jurisdiction, was not contrary to law and was supported by competent material and substantial evidence on the whole record."

The issue to be determined on this appeal may be restated as follows: *Did the circuit court properly hold that there was competent, material and substantial evidence on the record in support of the Michigan Employment Security Commission Appeal Board's finding that plaintiff's appeal must be dismissed for failure to file a timely claim of appeal?*

Section 38 of the Employment Security Act sets forth the scope of judicial review of orders of the appeal board as follows:

"The circuit court * * * shall have power to review questions of fact and law on the record made before the referee and the appeal board involved in any such final

order or decision of said appeal board, and to make such further orders in respect thereto as justice may require, but said court may reverse such order or decision only if it finds that such order or decision is contrary to law or is not supported by competent, material and substantial evidence on the whole record." MCLA 421.38; MSA 17.540.

Plaintiff-claimant claims that there was satisfactory compliance with the statutory requirements regarding the filing of a timely appeal, so that the appeal board should have accepted jurisdiction of said appeal. He points to the provision contained in § 33 of the Employment Security Act which states that the decision of the hearing referee may, for good cause, be reopened and reviewed.[3] In view of that provision, plaintiff contends that, in conformity with the spirit of the act, it should be held that the mailing of an appeal on the last day permitted to *file* an appeal constitutes satisfactory compliance with the statute. Plaintiff notes that the objective of the Employment Security Act is to guard against loss to the employee and not to guard against loss to the employer and points out that, to that end, the act is entitled to a liberal construction. The cases cited by plaintiff do not, however, consider the issue involved in the instant case.

Defendant Michigan Employment Security Commission contends that inasmuch as "mailing" generally has been held not to constitute "filing", the plaintiff-claimant, on the basis of the record, must be deemed to have filed his claim of appeal on May 7, 1969. On that date, according to the record, said

---

[3] "The referee may, for good cause, reopen and review any prior decision of a referee and issue a new decision after the 15-day appeal period has expired: Provided, That a request for such review be made within 1 year from the date of mailing of the prior decision." MCLA 421.33; MSA 17.535.

claim was delivered to and received by the appeal board. It cites, among other cases, *Beebe v Morrell,* 76 Mich 114 (1889); *People v Madigan,* 223 Mich 86 (1923); and *Detroit United Railway v Department of Labor and Industry,* 231 Mich 539 (1925), all of which support defendant's position as herein advanced.

In *Beebe v Morrell,* it is stated at p 120:

"A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file."

In *People v Madigan,* the following is stated at p 89:

"It is a well recognized general rule that a paper or document is filed, so far as the rights of the parties are concerned, when it is delivered to and received by the proper officer to be kept on file, and the indorsement of the officer with whom it is filed is but evidence of the time of filing."

Also, in the *Detroit United Railway* case, the Court considered the timeliness of an appeal where a claim for review of a workmen's compensation decision, mailed on the last day of the appeal period, was not received until the period had terminated. The statute involved, being similar to the statute under consideration in the instant case, provided that unless a claim for review was *filed* by either party within ten days, the decision of the committee of arbitration must stand as the decision of the industrial accident board. The Court, in determining the filing to have been accomplished beyond the statutory period, stated at p 540:

"Depositing the claim in the mail within ten days will not suffice for the statute requires that it be filed

within the time. Review is statutory and the statute must be followed."

Applying the holding of the foregoing cases to §§ 33 and 49 of the Employment Security Act, we hold that "mailing" does not constitute "filing" of an appeal. The record evidence in this case supports a determination that the claim of appeal received by the appeal board on May 7, 1969, although mailed on May 5, 1969, was not timely filed. See, also, 36A CJS, File, pp 396–398; 76 CJS, Records, § 4, p 115.

Defendant further maintains that to extend the appeal period in this case would be impermissible. *Sovey v Ford Motor Co,* 279 Mich 313 (1937), cited by defendant, supports that contention. Therein it was stated at pp 315–316:

"[T]his court consistently has held that statutory limitations of time in judicial proceedings, as distinguished from court rules, are imperative * * * .

"The legislature must be deemed to have prescribed the time for appeal in these *quasi*-judicial proceedings in the light of such rulings. They are controlling."

The proper standard of judicial review to be employed when reviewing an administrative board decision is whether the decision is supported by competent, material, and substantial evidence on the whole record. *Williams v Lakeland Convalescent Center, Inc,* 4 Mich App 477 (1966); *Villella v Employment Security Commission,* 16 Mich App 187 (1969); *Diepenhorst v General Electric Co,* 29 Mich App 651 (1971); Const 1963, art 6, § 28; MCLA 421.38; MSA 17.540.

Reviewing the record in this case, this Court concludes that the appeal board's determination that a claim of appeal was not filed, either personally or by mail, on May 5, 1969, is supported by

competent, material and substantial evidence. The circuit court's finding in that regard was not erroneous. This decision of affirmance is without prejudice to the plaintiff's right under MCLA 421.34; MSA 17.536 to petition the appeal board upon good cause shown to reopen, review its decision, and grant plaintiff relief if justice so requires.

Affirmed. No costs, interpretation of a statute being involved.

All concurred.