## HOLLIS v ZABOWSKI

Docket No. 50062. Submitted September 3, 1980, at Lansing.—Decided November 5, 1980.

Plaintiffs, Cleodus and Tressa Hollis, filed a personal injury action against the defendants, Helen Zabowski and John Doe. The complaint, which had been mailed to the court clerk, was processed and date-stamped two days after the statute of limitations had expired. The Macomb Circuit Court, Frank E. Jeannette, J., granted accelerated judgment to the defendants and the plaintiffs appeal. *Held:*

The mailing of a complaint does not constitute a filing thereof. A paper or document is filed when it is delivered to, and received by, the proper officer to be kept on file. The trial court did not commit error in finding that the plaintiffs' complaint was filed two days after the expiration of the statute of limitations.

Affirmed.

1. LIMITATION OF ACTIONS — PERSONAL INJURY ACTIONS — STATUTES.

The statute of limitations for actions for personal injuries is three years (MCL 600.5805[8]; MSA 27A.5805[8]).

2. RECORDS — FILING DOCUMENTS — TIME OF FILING.

A paper or document is filed, so far as the rights of the parties are concerned, when it is delivered to, and received by, the proper officer to be kept on file, and the indorsement of the officer with whom it is filed is but evidence of the time of filing.

3. APPEAL — FINDINGS OF FACT — CLEAR ERROR — COURT RULES.

A trial court's findings of fact will not be set aside by the Court of Appeals unless the findings of fact are clearly erroneous; a finding of fact is clearly erroneous when the Court, after reviewing the entire record, is left with a definite and firm

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 102, 103.
[2] 66 Am Jur 2d, Records and Recording Laws § 83.
[3] 5 Am Jur 2d, Appeal and Error § 839.

conviction that a mistake has been committed although there is evidence to support the finding (GCR 1963, 517.1).

*James R. Shively, P.C.,* for plaintiffs.

*Romain, Donofrio & Kuck, P.C.,* for defendants on appeal.

Before: M. F. CAVANAGH, P.J., and M. J. KELLY and BEASLEY, JJ.

PER CURIAM. Plaintiffs brought the present suit for personal injuries arising from an auto accident which occurred on July 10, 1976. The statute of limitations for actions for personal injuries is three years. MCL 600.5805(8); MSA 27A.5805(8). Plaintiffs' complaint was processed and date-stamped by the court clerk on July 12, 1979. The trial court found that plaintiffs' complaint was "filed" on July 12, 1979, and granted accelerated judgment in defendants' favor based upon the expiration of the statute of limitations. Plaintiffs appeal as of right.

Although plaintiffs' attorney alleges that the complaint was mailed six days before the expiration of the statute of limitations, plaintiffs acknowledge that it is impossible to prove the actual date and time the complaint was received by the court clerk. Plaintiffs maintain that the mailing constitutes a filing within the statute of limitations.

"It is a well recognized general rule that a paper or document is filed, so far as the rights of the parties are concerned, when it is *delivered to and received by* the proper officer to be kept on file, and the indorsement of the officer with whom it is filed is but evidence of the time of filing." *People v Madigan,* 223 Mich 86, 89; 193 NW 806 (1923). (Emphasis added.)

Michigan law holds that "mailing" does not constitute "filing". *King v Calumet & Hecla Corp,* 43 Mich App 319, 326; 204 NW2d 286 (1972), *Detroit United Railway v Dep't of Labor & Industry,* 231 Mich 539; 204 NW 707 (1925). The only evidence before the trial court as to the time of the filing of the plaintiffs' complaint was the endorsement on the complaint which indicated that the time of filing was July 12, 1979.

The trial court's finding of fact that July 12, 1979, was the date of the filing of the complaint will not be set aside by this Court unless clearly erroneous. A finding is clearly erroneous when this Court, after reviewing the entire record, is left with a definite and firm conviction that a mistake has been committed although there is evidence to support the finding. *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976). GCR 1963, 517.1.

This Court is not left with a definite and firm conviction that the trial court committed a mistake in finding that the plaintiffs' complaint was filed on July 12, 1979, two days after the expiration of the statute of limitations. The only evidence before the trial court as to the time of filing supports this finding of fact.

The trial court's award of accelerated judgment in favor of the defendants is hereby affirmed.

Affirmed. Defendants may tax costs.