BIAFORE v BAKER

Docket No. 60396. Submitted May 5, 1982, at Detroit.—Decided September 22, 1982.

On June 12, 1978, plaintiff, Josephine Biafore, was allegedly involved in a traffic accident with an automobile that was owned by defendant Mary Baker and driven by defendant Rose Baker. Plaintiff attempted to commence an action by mailing a complaint to the Macomb Circuit Court on June 4, 1981. However, the complaint was not stamped or processed by the clerk of the court until June 16, 1981, four days after the statute of limitations had run. Defendants moved for accelerated judgment based on the statute of limitations. Plaintiff opposed the motion by submitting two affidavits. One affidavit stated that the complaint was mailed on June 4, 1981. The second affidavit, which was signed by an employee of the Macomb Circuit Court, stated that a complaint could have been received five to six days prior to the date stamped on it as there could have been a delay in opening the mail. The court, Robert J. Chryzanowski, J., granted accelerated judgment based on the "practice" of the judges of that circuit that the date stamped by the clerk was the effective date. Plaintiff appealed. *Held:*

The controlling issue, whether the statute of limitations was tolled by the clerk's receipt of the complaint, was not addressed below. The court's ruling was based on a practice of the judges of the circuit rather than on any law and must be reversed.

Reversed and remanded with instructions.

RECORDS — FILING.

A paper or document is filed, so far as the rights of the parties are concerned, when it is delivered to and received by the proper officer to be kept on file, and the indorsement of the officer with whom it is filed is but evidence of the time of filing.

*Bockoff & Zamler, P.C.* (by *Thomas C. Miller*), for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
66 Am Jur 2d, Records and Recording Laws §§ 153-155.

*Smith & Schultz* (by *Kathleen S. Schultz),* for defendant Mary C. Baker.

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

M. J. KELLY, P.J. Plaintiff, Josephine Biafore, appeals a trial court's grant of accelerated judgment, GCR 1963, 116.1(5), in favor of defendants, Rose and Mary Baker.

On June 12, 1978, plaintiff was allegedly involved in a traffic accident with an automobile that was owned by defendant Mary Baker and driven by defendant Rose Baker. Plaintiff asserts she attempted to commence this action by mailing a complaint to the Macomb County Circuit Court on June 4, 1981. However, the complaint was not stamped or processed by the clerk of the court until June 16, 1981, four days after the statute of limitations had run.

Defendants timely moved for accelerated judgment based on the time bar of the statute of limitations. Plaintiff opposed the motion by submitting two affidavits. One affidavit stated that the complaint was mailed on June 4, 1981. The second affidavit, which was signed by an employee of the Macomb County Circuit Court, stated that a complaint could have been received five to six days prior to the date stamped on it as there could have been a delay in opening the mail. No evidence was adduced as to the postmark on the envelope containing this complaint or as to any time lapse for postal service from plaintiff's point of mailing to the courthouse. The trial court granted defendants' motion. According to the court, the Macomb County Circuit Court judges take the position that the date stamped on the pleadings is the date the

action was commenced. Plaintiff appeals as of right, GCR 1963, 806.1.

The statute of limitations applicable to plaintiff's personal injury claim is three years. MCL 600.5805(8); MSA 27A.5805(8). The statute of limitations is tolled when the complaint is filed. *Buscaino v Rhodes,* 385 Mich 474, 483; 189 NW2d 202 (1971). Mailing the complaint does not constitute filing. *Hollis v Zabowski,* 101 Mich App 456, 458; 300 NW2d 597 (1980); *King v Calumet & Hecla Corp,* 43 Mich App 319, 326; 204 NW2d 286 (1972). A paper or document is filed when it is delivered to and received by the proper officer to be kept on file, and the endorsement of the officer with whom it is filed is but evidence of the time of filing. *People v Madigan,* 223 Mich 86, 89; 193 NW 806 (1923); *Hollis, supra,* p 457; *King, supra,* p 325.

Although the *Madigan* case was cited to the trial court, that court made no mention of the rule. When counsel informed the court that the "clerk's office in Macomb County is at least three or four business days behind in their processing of mail that they receive", the court replied:

"We've had this problem arise a number of times in this circuit, and the judges, of this circuit have taken the position that it's the date stamped on the pleadings that's the effective date. * * * This is the position this circuit has taken. What else can I say to you? There is no other rule we can go by. We need something that's uniform, and that's the only uniform rule we can go by."

In ruling on defendant's motion the trial court applied a "practice" of the Macomb County circuit judges that an action was deemed filed on the date on which the complaint was processed by the clerk's office regardless of when the complaint was

received by the clerk's office. This may certainly be justifiable and the proper rule may be that a party who relies on the mail does so at his peril. However, that issue was not contested below and is not raised on appeal. The only question raised on appeal as framed by appellant is whether the statute of limitations was tolled by the county clerk's receipt of the complaint, and that question was not addressed below. Since the trial court's ruling was based upon a practice of the judges of the circuit, it was not based upon any rule of law and we must therefore reverse. On remand the parties should brief the principles of law applicable to use of the mails for filing purposes and the court should apply such rules of law as it finds appropriate in the premises.

If a factual context is required to determine the date that the complaint was mailed and the date that same was received in the clerk's office, appropriate proof would appear to include items logged into the clerk's office before and after the June 16th, 10:59 a.m. date stamp, whether a check was received in payment of the fee, the date of such check, the date of checks in sequence before and after that check, the practice in the clerk's office of processing mail when delivered and such other factors as the parties deem appropriate as bearing on the relevant issues.

Reversed.