GENERAL MOTORS CORPORATION v CITY OF DETROIT

GENERAL MOTORS CORPORATION v CITY OF LIVONIA

GENERAL MOTORS CORPORATION v CITY OF SAGINAW

GENERAL MOTORS CORPORATION v CITY OF FLINT

GENERAL MOTORS CORPORATION v GENESEE TOWNSHIP

Docket Nos. 72376, 72377, 72378, 72379, 73920. Submitted March 13, 1984, at Detroit.—Decided April 1, 1985.

Petitioner, General Motors Corporation, sought in five cases to challenge real estate assessments made by the City of Detroit, the City of Livonia, Wayne County, the Livonia Public Schools School District, the City of Saginaw, the City of Flint, and Genesee Township. The Tax Tribunal Act provides that a petitioner may invoke the jurisdiction of the Tax Tribunal in an assessment dispute by filing a petition for review not later than June 30 of the tax year involved. Tax Tribunal Rule 201 provides that a petition shall be considered filed when mailed by certified mail to the tribunal or delivered in person. Petitioner placed its petitions in the mail, with ordinary first-class postage, on June 30, 1982, and the tribunal received them on July 1, 1982. Four of the cases were dismissed in January, 1983, by the tribunal for lack of subject matter jurisdiction, the petitions having been received one day after the filing deadline. Petitioner's motions for rehearing were denied. The fifth petition was dismissed in September, 1983. Petitioner appealed each of the five cases and the appeals were consolidated for hearing and decision. *Held:*

1. In order to be filed, a paper or document must be delivered to and received by the proper officer to be kept on file. Thus, mailing does not constitute filing.

2. The Legislature must be presumed to have been aware of

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 612, 621.

[2] 73 Am Jur 2d, Statutes § 168.

[2, 4] 71 Am Jur 2d, State and Local Taxation § 8.

[3] 61A Am Jur 2d, Pleading § 350.

the generally-accepted meaning of the word "filing" when it passed the Tax Tribunal Act.

3. The Tax Tribunal has no authority to invalidate, change or enlarge upon a statute by rule. Thus, the premise of Rule 201 that jurisdiction can be invoked beyond the deadline by mailing is invalid. Petitions must be delivered and received by June 30. The petitions in these cases were not timely.

Affirmed.

1. TAXATION — TAX TRIBUNAL — APPEAL.

The Court of Appeals, when reviewing a decision of the Tax Tribunal, in the absence of fraud, is limited to determining whether the tribunal made an error of law or adopted a wrong principle; the findings of the tribunal are final provided they are supported by competent and substantial evidence.

2. TAXATION — TAX TRIBUNAL — STATUTES — JUDICIAL CONSTRUCTION.

The construction given to the Tax Tribunal Act by the tribunal is entitled to respectful consideration where a question before the court involves the interpretation of the act.

3. PLEADING — DOCUMENTS — FILING.

The general rule is that, to be "filed", a paper or document must be delivered to and received by the proper officer to be kept on file; therefore, mailing a document does not constitute filing.

4. TAXATION — TAX TRIBUNAL — STATUTES.

The Tax Tribunal has no authority to invalidate, change or enlarge upon a statute by rule; therefore, the tribunal may not extend the deadline for filing petitions for review of assessments beyond that provided by statute by means of a rule which premises jurisdiction on the mailing of a petition (MCL 205.735[2]; MSA 7.650[35][2]; 1979 AC, R 205.1201).

*John P. Raleigh, E. Alan Moorhouse,* and *Judith A. Zakens,* for petitioner.

*Donald Pailen,* Corporation Counsel, and *Robert F. Rhodes,* Senior Assistant Corporation Counsel, for the City of Detroit.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Anthony J. Heckemyer* and *Phillip J. Stahle),* for the Livonia Public Schools School District.

*John D. O'Hair,* Corporation Counsel, and *Richard G. Stanley,* Assistant Corporation Counsel, for Wayne County.

*Otto W. Brandt, Jr.,* City Attorney, and *Miller, Canfield, Paddock & Stone* (by *Samuel J. McKim III* and *John D. Rayis),* for the City of Saginaw.

*Gault, Davison, Bowers & Hill* (by *Richard J. Figura),* for the City of Flint.

*Bellairs, Dean, Cooley & Siler* (by *John P. Siler),* for Genesee Township.

Before: WAHLS, P.J., and BRONSON and N. J. KAUFMAN,* JJ.

PER CURIAM. In five cases, consolidated on appeal, the question is presented whether, under MCL 205.735(3); MSA 7.650(35)(3),[1] mailing can constitute filing only when certified mail is used, as provided by Tax Tribunal Rule 201.[2]

On June 30, 1982, appellant General Motors placed in the mail, with ordinary first-class postage attached, its petitions challenging the real estate assessments made by the respondents. The petitions were received by the Tax Tribunal on July 1, 1982, one day after the filing deadline. Four of the cases were dismissed on January 11,

---

* Retired Court of Appeals Judge, sitting on the Court of Appeals by assignment.

[1] Section 35(3) of the Tax Tribunal Act provided in relevant part that "[t]he jurisdiction of the tribunal in an assessment dispute shall be invoked by the filing of a written petition by a party in interest, as petitioner, not later than June 30 of the tax year involved". As amended by 1983 PA 163, the quoted language now appears in § 35(2).

[2] Tax Tribunal Rule 201 (1979 AC, R 205.1201) provides: "Except in the small claims divisions, an appeal, application for review, or any other proceeding is commenced by filing a petition with the tribunal within the periods prescribed by statute. A petition shall be considered filed when mailed by certified mail addressed to the tribunal or when delivered in person, as permitted by GCR 1963, 107."

1983, for lack of subject matter jurisdiction, pursuant to *sua sponte* orders of dismissal in favor of the City of Detroit and the City of Saginaw, an order granting the Livonia Public School District's motion for accelerated judgment, and an order granting the City of Flint's motion to dismiss. General Motors' motions for rehearing, made in each of the four cases, were denied on June 16, 1983. Genesee Township then brought a motion for dismissal, which was granted on September 15, 1983. General Motors has appealed as of right in each of the five cases.

Respondents and the Tax Tribunal have taken the position that a petition is deemed filed on the date received except when it is sent by certified mail. General Motors argues on appeal that Rule 201's certified mail requirement is not jurisdictional in nature, but, if it is, then it violates the due process and equal protection clauses of the Michigan and United States Constitutions. Assuming that General Motors' challenge to the rule is valid, we must still affirm because the petitions were not timely filed under the statute.

Our review of the decisions of the Tax Tribunal, "in the absence of fraud, is limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided that they are supported by competent and substantial evidence". *Antisdale v City of Galesburg,* 420 Mich 265, 277; 362 NW2d 632 (1985). Where, as here, the question involves interpretation of the Tax Tribunal Act, the Tax Tribunal's construction of the statute is entitled to respectful consideration. *Wikman v City of Novi,* 413 Mich 617, 650-651; 322 NW2d 103 (1982).

In *Wikman, supra,* the Supreme Court concluded that certain language in § 35 of the act was

not free from ambiguity with respect to its jurisdictional nature. Accordingly, the Court held that the provisions of § 35 do not supersede other applicable and longer periods of limitation. In these cases, General Motors does not suggest there exists any other applicable period of limitations. Thus, we hold that § 35(3) governs the tribunal's jurisdiction. See *Szymanski v City of Westland,* 420 Mich 301; 362 NW2d 224 (1985).

Section 35 requires that petitions in assessment disputes be filed no later than June 30 of the tax year in order to invoke the jurisdiction of the tribunal. Our courts have on numerous occasions recognized that, to be filed, a paper or document must be delivered to and received by the proper officer to be kept on file. *People v Madigan,* 223 Mich 86, 89; 193 NW 806 (1923); *Beebe v Morrell,* 76 Mich 114, 120; 42 NW 1119 (1889); *King v Calumet & Hecla Corp,* 43 Mich App 319, 325; 204 NW2d 286 (1972).[3] This well-recognized general rule means that mailing does not constitute filing. *Detroit United Railway v Dep't of Labor & Industry,* 231 Mich 539, 540; 204 NW 707 (1925), *King, supra,* OAG, 1949-1950, No 814, p 2 (July 27, 1948).[4] The Legislature is assumed to have been aware of the prior interpretation of what constitutes filing when it passed the Tax Tribunal Act. *Magreta v Ambassador Steel Co (On Rehearing),* 380 Mich 513, 520; 158 NW2d 473 (1968); *Sovey v Ford Motor Co,* 279 Mich 313, 316; 272 NW 689

[3] *Cf. Mann v Carson,* 120 Mich 631, 634; 79 NW 941 (1899). See OAG, 1947-1948, No 774, p 691 (May 10, 1948), OAG, 1947-1948, No 747, p 656 (April 27, 1948).

[4] That mailing does not equal filing has continued to be recognized since the passage of the Tax Tribunal Act, 1973 PA 186. *Biafore v Baker,* 119 Mich App 667, 669; 326 NW2d 598 (1982); *People v Purofoy,* 116 Mich App 471, 485; 323 NW2d 446 (1982), *lv den* 417 Mich 969 (1983); *Hollis v Zabowski,* 101 Mich App 456, 457-458; 300 NW2d 597 (1980); *Thyne v Beggs,* 62 Mich App 353, 355; 233 NW2d 278 (1975).

(1937). Thus, we must conclude that the Legislature intended the word "filing" in § 35 to fit the above definition and to preclude mailing as sufficient to invoke the jurisdiction of the tribunal.

We acknowledge that § 35 is subject to some ambiguity. However, we believe that ambiguity is limited to its jurisdictional nature as recognized in *Wikman, supra.* We do not believe the ambiguity extends to the meaning of filing. Any ambiguity in this respect can arise only out of Rule 201 itself. Since Rule 201 was promulgated in 1975,[5] § 35 has twice been amended but without change in the "filing" requirement.[6] However, apparent legislative acquiescence in an agency rule is not controlling where, as here, it is the lone factor favoring the agency's position. *Magreta, supra.*

The tribunal has no authority to invalidate, change or enlarge upon a statute by rule. *Eyde v Lansing Twp,* 420 Mich 287; 363 NW2d 277 (1985); *Sovey, supra,* p 316. The tribunal "has no arbitrary power and the statutory limit is conclusive". *Meyers v Iron County,* 297 Mich 629, 634; 298 NW 308 (1941). Accordingly, Rule 201's premise that the jurisdiction of the tribunal can be invoked beyond the deadline by mailing (whether certified or otherwise) is invalid. Petitions must be delivered and received by June 30.

*Sovey, supra,* provides an apt analogy. There, the 10-day period for filing an appeal from a deputy commissioner's award of workmen's compensation benefits expired on a Sunday. The Department of Labor and Industry had adopted a rule that provided for the performance of certain acts on Monday when the last day of the period fell on Sunday. The Supreme Court concluded that the department could not enlarge the statutory 10-

---

[5] 1975 AACS, R 205.1201.

[6] 1976 PA 365, 1983 PA 163.

day period by its rule. Similarly, in these cases, the tribunal cannot by Rule 201 extend the filing period (and, thus, its jurisdiction) beyond the June 30 time limit as established by statute.

Because mailing does not constitute filing, General Motors did not file its petitions by June 30, so it did not invoke the tribunal's jurisdiction. For the reasons stated in our opinion, we affirm the tribunal's dismissal of the petitions.

Affirmed.