EVANS & LUPTAK v OBOLENSKY

Docket No. 134277. Submitted May 20, 1992, at Detroit. Decided July
    6, 1992, at 10:35 A.M.

Evans & Luptak brought an action in the Wayne Circuit Court
    against Marilyn Wall Obolensky, seeking payment for legal
    services rendered to her that preserved or benefited her inter-
    est as a beneficiary of a trust containing certain spendthrift
    provisions. The court, Harry J. Dingeman, Jr., J., entered a
    default judgment for the plaintiff. The plaintiff then moved to
    enforce the judgment and for the appointment of a receiver to
    collect the income that the defendant would acquire from the
    trust. The defendant, the cotrustees of the trust, and Albert
    Breer, a remainderman, argued that the spendthrift provisions
    of the trust precluded any postjudgment proceedings to enforce
    payment of the judgment. The court agreed and denied the
    plaintiff's motion. The plaintiff appealed.

The Court of Appeals held:

1. The interest of the beneficiary of a trust with a spendthrift
    clause may be reached through postjudgment execution pro-
    ceedings where the judgment was based upon a claim for legal
    services that preserved or benefited the interest of the benefi-
    ciary of the trust.

2. In this case, remand is required for further proceedings to
    determine issues relative to the nature of the benefits to the
    interest of the beneficiary.

3. If relief is granted for the plaintiff, the court may not
    permit any portion of the trust corpus to be paid to the
    plaintiff. To the extent that the trustees have discretion in
    paying any amount to the beneficiary, the court may not order
    enforcement of the judgment except with regard to those
    amounts that the trustees actually authorize as payment to the
    beneficiary.

4. The plaintiff's claim is not barred by res judicata.

5. By failing to raise the issue in the trial court, the plaintiff

REFERENCES

Am Jur 2d, Trusts §§ 141 et seq., 730.

See the Index to Annotations under Spendthrift Trusts; Trusts and
    Trustees.

waived appellate review of its allegation that the trial judge erred in failing to disqualify himself sua sponte following an ex parte communication with the defendant.

Reversed and remanded.

TRUSTS — SPENDTHRIFT TRUSTS — LEGAL SERVICES RENDERED TO BENEFICIARY — JUDGMENTS — POSTJUDGMENT EXECUTION PROCEEDINGS.

A beneficiary's income from a trust having a spendthrift provision is subject to postjudgment execution proceedings where the judgment was based upon a claim for legal services that were obtained by the beneficiary and preserved or benefited the interest of the beneficiary.

*Evans & Luptak* (by *D. Michael Kratchman* and *Jonathan M. Epstein*), for the plaintiff.

*Durant & Durant, P.C.* (by *Richard Durant*), for Albert Breer.

*William E. Carroll* and *John M. Chase, Jr.,* cotrustees of the Albert F. Wall, deceased, Residuary Testamentary Trust for the Benefit of Marilyn Wall Obolensky, in propria persona.

Before: SHEPHERD, P.J., and MURPHY and P. D. HOUK,* JJ.

SHEPHERD, P.J. This case presents the question whether the income from a spendthrift trust is subject to postjudgment execution proceedings where the judgment was based upon a claim for legal services that preserved or benefited the interest of the beneficiary of the trust. The trial court held that no postjudgment execution could be had. We hold otherwise and reverse.

On October 25, 1985, defendant Marilyn Wall Obolensky entered into a fee agreement for legal services to be provided by plaintiff law firm, Evans & Luptak. The legal services were in connection

* Circuit judge, sitting on the Court of Appeals by assignment.

with the Albert F. Wall Testamentary Trust, and the agreement provided:

> You hereby retain the law firm of Evans & Luptak to represent you in connection with the above matter and to secure the division of the Trust and the sale of Wall Colmonoy Corporation, Wall Colmonoy Limited and Wall Colmonoy (Canada) Inc. Companies.

The agreement further provided:

> It is understood and agreed that the law firm will have a lien upon all sums recovered in connection with the above matter for the purpose of securing payment of attorney fees and costs. To effectuate the lien, you agree that we may direct the payer of any sums recovered to place our name on the check along with yours.

The Wall Colmonoy businesses were the primary assets of a marital and residuary trust created by defendant's father, Albert F. Wall. Evans & Luptak represented defendant in attempting to secure the highest and best offer for the businesses. Eventually, the probate court entered an order directing the sale of the capital stock of the businesses and the funds realized from the sale proceeds were ultimately paid into the trust. The law firm was not responsible for finding the buyer.

The record does not clearly reflect the precise nature of the services performed by Evans & Luptak, however they did not receive payment from defendant and filed suit, which resulted in a default judgment of $26,855.11. The claim of Evans & Luptak that their services were engaged to benefit the defendant's interest in the trust is not contested.

The trust instrument contains the following paragraph:

Subject always to the express grant of power of appointment to my wife, Christine F. Wall, in Paragraph third above, neither the corpus of any trust created hereby nor the income resulting therefrom while in the hands of my Trustees, shall be subject to any conveyance, transfer or assignment, or be pledged as security for any debt of any beneficiary thereof and the same shall not be subject to any claim of any creditor of any such beneficiary, through legal process or otherwise; any such attempted sale, anticipation, assignment or pledge of any of the funds or property held in any such trust, or the income therefrom, by such beneficiaries or any of them shall be null and void, and shall not be recognized by my Trustees. It is the intention to place the absolute title to the property held in trust and the income therefrom in my Trustees with power and authority to pay out the same only as authroized [sic] hereby.

Evans & Luptak alleged that it is entitled to invoke supplementary proceedings to enforce payment of the default judgment and requested the appointment of a receiver to collect the income that defendant would acquire from time to time from the trust. Defendant as well as the cotrustees and a remainderman argue that the quoted spendthrift provisions of the trust preclude any post-judgment proceedings to enforce payment of the judgment.

1 Restatement Trusts, 2d, § 157, p 328 provides:

Particular Classes of Claimants

Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,

(a) by the wife or child of the beneficiary for support, or by the wife for alimony;

(b) for necessary services rendered to the beneficiary or necessary supplies furnished to him;

(c) *for services rendered and materials furnished which preserve or benefit the interest of the beneficiary;*

(d) by the United States or a State to satisfy a claim against the beneficiary. [Emphasis supplied.]

In this case, we are called upon to decide whether subsection c applies so that plaintiff may obtain satisfaction of the judgment that is based upon a claim for services rendered that preserved or benefited the interest of the beneficiary.

In *Coverston v Kellogg,* 136 Mich App 504; 357 NW2d 705 (1984), this Court held that the income from a spendthrift trust can be reached to satisfy a former wife's claims for alimony and child support. The case adopted with approval and quoted § 157 of the Restatement in its entirety. In an earlier case this Court had expressed the opinion that one of the exceptions to the general rule that the interest of the beneficiary of a spendthrift trust cannot be reached by creditors relates to claims for necessary services rendered to the beneficiary under § 157(b) of the Restatement. *In re Sykes Estate,* 131 Mich App 49; 345 NW2d 642 (1983). The Michigan Supreme Court has also passed upon the applicability of § 157 of the Restatement and held that the interest of the beneficiary of a trust with a spendthrift clause can be reached to enforce claims of the beneficiary's wife or child for alimony or support, for necessaries furnished the beneficiary, and to satisfy a claim of the United States or of a state, i.e., under subsections a, b, and d of § 157 of the Restatement. *Miller v Dep't of Mental Health,* 432 Mich 426; 442 NW2d 617 (1989).

From the preceding analysis it is clear that the Restatement has been approved by every applicable appellate decision in Michigan since 1983 and

that all the subsections of § 157 of the Restatement that were in issue in the cases were adopted with approval by either the Court of Appeals or the Supreme Court. Subsection c, which relates to "services rendered and materials furnished which preserve or benefit the interest of the beneficiary," has not yet been the subject of an appellate decision. This case presents that opportunity to this Court, and we follow the line of cases that precedes this case and hold that subsection c of § 157 of the Restatement may be invoked by a creditor to pursue postjudgment enforcement proceedings where the claim is based upon the services of a law firm that were obtained by the beneficiary to increase her interest in or improve her position with respect to the income of the trust.

The comment with regard to subsection c of § 157 of the Restatement, p 330, says:

> Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim for services rendered and materials furnished which preserve or benefit the interest of the beneficiary. In such a case the beneficiary would be unjustly enriched if such a claim were not allowed.

The Restatement offers the following illustration:

> A bequeaths $100,000 to B upon a spendthrift trust for C. D, A's next of kin, institutes an action to contest the will, which if successful would result in the destruction of C's interest under the trust. C employs E, an attorney, to represent him in the action and the will is upheld. E can reach C's interest under the trust in payment for his services rendered in protecting the interest. [*Id.*]

This case presents a similar situation. It would

constitute unjust enrichment if the trial court were not able to fashion a remedy to enable the attorneys to be paid for their services in enhancing the position of the beneficiary. Accordingly, we remand to the circuit court for the court to apply the above principles in fashioning an appropriate remedy.

The trial judge made his ruling on the basis of an assumption that there could be no postjudgment execution because of the existence of a spendthrift trust. Now that we have found this to be an erroneous assumption, there remain unanswered questions that the trial court did not address:

1. Must the benefit to the interest of the beneficiary be actual or tangible rather than nothing more than good-faith efforts? Is it a benefit to the interest of the beneficiary to have a law firm looking out for her interests during the period of negotiations for the sale of trust property?

2. Is it enough to look at the unanswered complaint that resulted in the default judgment or may the trial court look behind the pleadings to determine whether the services actually performed by the law firm meet the requirements of § 157(c) of the Restatement?

On remand, the court should examine these issues. However, if relief is given to plaintiff, given the fact that the beneficiary in this case has no right to obtain principal, the court may not permit any portion of the trust corpus to be paid to plaintiff. To the extent that the trustees have discretion in paying any amount to the defendant beneficiary, the trial court may not order enforcement of the judgment except with regard to those amounts that the trustees actually authorize as payment to the beneficiary.

Counsel for one of the remaindermen of the trust argues that plaintiff's claim is barred by res

judicata. The argument is made that before the entry of judgment plaintiff tried to enforce its lien in probate court and that relief was denied. Counsel has not given us any information regarding the reasons why the probate court denied relief, but it appears that all that was before the probate court was the attempt to enforce a claim that had not yet been reduced to a judgment. This case involves a judgment and, therefore, the issue before this Court is not the same. Furthermore, the record clearly shows that this issue was not raised in the circuit court. Therefore, we will not address it further.

Plaintiff argues that the trial judge erred in failing to disqualify himself sua sponte following an ex parte communication with defendant. The record shows that the judge stated that he was contacted by defendant and that nothing of substance was discussed. Apparently, defendant telephoned the judge and asked him to "do justice." The transcript indicates that neither party moved to disqualify the judge at the time and that, immediately after the judge disclosed the conversation, the parties proceeded to argue the case. The procedure to obtain disqualification of a judge is found in MCR 2.003. Because plaintiff did not raise the issue regarding disqualification in the trial court, we will not address that issue further.

Plaintiff further argues that the trial court erred in denying its motion for appointment of a receiver. Given the fact that the trial court denied plaintiff's request for all postjudgment enforcement proceedings, we will not attempt at this point to prescribe a specific remedy. We would prefer to have the trial court address the appropriate remedy in the first instance after having the benefit of our decision.

Reversed and remanded for further proceedings

consistent with this opinion. We do not retain jurisdiction.