ROZEK v ROZEK

Docket No. 157262. Submitted November 10, 1993, at Grand Rapids. Decided December 29, 1993, at 9:30 A.M.

Jeffrey J. Rozek obtained a divorce from Judy A. Rozek in the Kalamazoo Circuit Court, Philip D. Schaefer, J., following a trial at which child custody and visitation were contested. The court awarded custody of the children to the defendant and temporarily suspended visitation by the plaintiff upon finding that a preponderance of the evidence indicated that it would be in the children's best interests to suspend visitation by the plaintiff. The plaintiff appealed the suspension of visitation.

The Court of Appeals *held:*

MCL 722.27a(3); MSA 25.312(7a)(3) provides that "[a] child shall have a right to visitation with a parent unless it.is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health."

The trial court incorrectly used "preponderance of the evidence" as the standard in determining the children's best interests with respect to visitation by the plaintiff. Remand is required for redetermination of visitation by the plaintiff pursuant to the "clear and convincing evidence" standard.

Remanded.

*Judy E. Bregman,* for the plaintiff.

*Stancati & Zausner* (by *Ross F. Stancati*), for the defendant.

Before: McDONALD, P.J., and MURPHY and TAYLOR, JJ.

PER CURIAM. Plaintiff appeals as of right from a September 21, 1992, judgment of divorce suspending his right to visitation with his minor children. We remand for further proceedings.

Following a seven-day divorce trial during which

the questions of custody and visitation were contested, the trial court issued a bench opinion awarding defendant custody and terminating plaintiff's visitation. The trial court found a preponderance of the evidence indicated it would be in the best interests of the children to temporarily terminate plaintiff's visitation.

On appeal, plaintiff claims the court applied the wrong standard of proof in determining suspension of his visitation was appropriate.[1] We agree. MCL 722.27a; MSA 25.312(7a) governs parent's visitation in actions involving custody disputes, MCL 722.27(1)(b); MSA 25.312(7)(1)(b). The statute begins with the stated presumption that it is in a child's best interests to have a strong relationship with both parents. Thus the statute states that visitation shall be granted in accordance with the best interests of the child and sets forth various options or types of visitation a trial court may order to tailor the visitation to the needs of the child. Additionally, and most importantly for purposes of the instant appeal, subsection 3 states:

> A child shall have a right to visitation with a parent unless it is shown on the record by *clear and convincing* evidence that it would endanger the child's physical, mental, or emotional health. [MCL 722.27a(3); MSA 25.312(7a)(3). Emphasis added.]

In this case, the court improperly utilized a "preponderance of the evidence" standard rather than the required "clear and convincing evidence" standard. We therefore remand the matter to the trial court for a new hearing regarding plaintiff's rights to visitation. Before an order maintaining plaintiff's suspension of visitation can enter, the court must find by clear and convincing evidence

---

[1] Plaintiff does not contest the award of custody to defendant.

that visitation would endanger the children's physical, mental, or emotional health.[2] The hearing is to be held within twenty-eight days from the filing of this opinion.

Because resolution of plaintiff's first issue mandates a new hearing be conducted, we need not address plaintiff's remaining issue.

Remanded for further proceedings. We do not retain jurisdiction.

---

[2] We do not express any opinion with regard to whether the record would have supported the trial court's suspension of plaintiff's visitation under the proper standard of proof. However, we do note the statute permits a trial court to order visitation with a multitude of differing terms and conditions to best serve the interests of, and in an appropriate case to protect, the child.