# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN REANEL LUDWIG,

      Plaintiff-Appellant,

v

CRAIG COOPER LUDWIG,

      Defendant-Appellee.

FOR PUBLICATION
December 12, 2017
9:00 a.m.

Nos. 336938; 336978
Oakland Circuit Court
Family Division
LC No. 2008-749066-DM

Before: JANSEN, P.J., CAVANAGH and CAMERON, JJ.

PER CURIAM.

In this consolidated appeal involving a custody dispute, plaintiff appeals by leave granted[1] the trial court's order to begin family therapy and reunification between defendant and the parties' two minor children. We affirm.

## I. BACKGROUND

Plaintiff and defendant were married in 1994 and had three children[2] during the course of their marriage. On July 21, 2008, plaintiff filed a complaint for divorce, and shortly after, she

---

[1] *Ludwig v Ludwig*, unpublished order of the Court of Appeals, entered April 13, 2017 (Docket No. 336938). We acknowledge that plaintiff filed an appeal as of right regarding the identical issue presented herein in Docket No. 336978. This Court previously directed the parties to address whether this Court had jurisdiction to hear the appeal as of right pursuant to MCR 7.202(6)(a)(*iii*) in their briefs on appeal. *Ludwig v Ludwig*, unpublished order of the Court of Appeals, entered April 6, 2017 (Docket No. 336978) (O'CONNELL, J., would have denied the motion for reconsideration). However, because this Court later granted plaintiff's application for leave to appeal the same order, we need not consider whether we now have jurisdiction as of right. See MCR 7.203(B)(1) ("The court may grant leave to appeal from: (1) a judgment or order of the circuit court and court of claims that is not a final judgment appealable of right[.]"); see also *In re Morton*, 258 Mich App 507, 508 n 2; 671 NW2d 570 (2003).

[2] The oldest child was not subject to the trial court's order because she was over 18 years old and was no longer within the trial court's jurisdiction.

-1-

requested the trial court order defendant to undergo a psychological evaluation. The trial court then ordered both parties to submit to a psychological evaluation with a psychologist. The assessment of defendant was largely negative.[3] On February 19, 2009, the trial court ordered defendant to vacate the marital home, allowing supervised parenting time until further order of the court.

On May 6, 2009, the parties signed a consent judgment of divorce where plaintiff was granted sole legal and physical custody of the two minor children. Defendant was granted supervised parenting time, but at some point in 2009, plaintiff obtained a personal protection order (PPO) against defendant. She obtained a second PPO in 2010. Around that time, defendant joined the Army and was eventually deployed overseas. He returned in December of 2011 and began living in Texas. Upon his return, he attempted to arrange supervised parenting time with the minor children, but claimed that plaintiff prevented contact with the children. In 2012, defendant was found in violation of the 2010 PPO by visiting one of the children at her school, and defendant's parenting time was suspended until further order of the court.

In 2013, defendant requested to have unsupervised parenting time, claiming he had been attending regular therapy with two different counselors in Texas. Plaintiff argued that any parenting time with defendant would not be in the best interests of the children, considering his history of psychological problems. She insisted that defendant submit to another independent psychological evaluation. After a hearing on defendant's motion, the trial court ordered defendant to submit to a second evaluation with a Michigan-based psychologist agreed on by the parties. On November 26, 2014, which was 18 months after the trial court entered its order, Dr. Jackson E. Turner evaluated defendant in Michigan without plaintiff's approval. It appears from the record that defendant moved from Texas back to Michigan at some point during this time. Turner concluded that defendant was capable and ready to interact positively with the children and recommended that the process of reunification begin with gradual steps leading to one-on-one parenting time. Plaintiff argued that the evaluation from Turner should not be considered because the trial court's order required that the parties agree on a psychologist. The trial court expressed its concern that the minor children were not involved with Turner's evaluation, and it ordered another psychological evaluation to be performed by Dr. James N. Bow, and requiring that he work with all members of the family in order to get a more expansive view of the situation.

Bow diagnosed defendant with persecutory type delusion disorder and concluded that defendant's prognosis was poor, and he would likely never be entirely free of the condition. He recommended that defendant engage in therapy, focusing on a number of specified concerns. Thus, the trial court ordered defendant to participate in therapy with Dr. John Cotter, a treating psychologist. On September 23, 2015, Cotter began treating defendant with a focus on the concerns identified by Bow.

On December 23, 2015, the trial court granted plaintiff's motion to move to California with the children. By January 29, 2016, defendant had completed 12 sessions with Cotter.

---

[3] The results of plaintiff's psychological evaluation are not in the record.

Thereafter, Cotter recommended the trial court begin the reunification process between defendant and the children. After a hearing on defendant's motion to adopt Cotter's recommendation, the trial court ordered defendant to undergo a reevaluation with Bow, but he refused to reevaluate defendant, claiming it would amount to a conflict of interest. Defendant then asked the trial court to modify its previous order and allow Cotter to conduct the reevaluation, but plaintiff argued that a different psychologist should perform the reevaluation. The trial court heard arguments on May 4, 2016, and it ordered Cotter to review all of the psychological evaluations, to have Cotter and defendant discuss what the children had said about defendant, to address the other issues with defendant, and then to inform the trial court regarding defendant's progress with his mental health. From March 23, 2016, to September 15, 2016, defendant visited Cotter 20 more times.

The trial court held a hearing on September 15, 2016, and Cotter testified as a fact witness. According to the trial court, the purpose of the hearing was to evaluate whether Bow's recommendations for treatment had been followed, whether defendant was making progress, and to determine whether it would be appropriate at that time to initiate the reunification process. After three days of direct and cross-examination of Cotter, the trial court had the parties submit closing arguments via briefing regarding whether defendant had sufficiently improved to begin the first step of Cotter's plan for reunification. Plaintiff argued that the reunification process should not begin until the trial court conducted a full evidentiary hearing.

The trial court entered an opinion and order on January 23, 2017, holding that defendant had "satisfactorily complied with substantial hoops, ordered at both [p]laintiff's request and the court's own caution, to demonstrate a reunification process should begin." The trial court ordered the following: (1) the minor children shall participate with a therapist in California for a minimum of four sessions within 45 days, (2) after the children's therapy, and within 60 days, a reunification video conference must be conducted between defendant, the children, the therapist in California, and Cotter, (3) after the first reunification conference, the frequency, duration, and method of continued contact will be at the therapists' discretion, and (4) after six months, the Friend of the Court will review the matter in order to determine if, at that time, a motion to change parenting time should be entertained. The trial court made clear that it was not changing parenting time, concluding "that therapeutic contact does not constitute a 'change' in parenting time as [d]efendant will not be having any 'parenting time,' supervised or otherwise, at this juncture and through this medium."

Plaintiff argues on appeal that the trial court committed clear legal error by ordering the minor children and defendant to engage in family therapy with therapists, all by way of video conference, as part of the reunification process without first holding an evidentiary hearing. Because the order in question did not modify parenting time, we disagree.

## II. STANDARDS OF REVIEW

This Court applies "three standards of review in custody cases." *Vodvarka v Grasmeyer*, 259 Mich App 499, 507; 675 NW2d 847 (2003), quoting *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). "Findings of fact . . . are reviewed under the 'great weight of the evidence' standard." *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011) (citation omitted). In other words, "a reviewing court should not substitute its judgment on

questions of fact unless they clearly preponderate in the opposite direction." *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994) (internal quotations omitted). Meanwhile, "[d]iscretionary rulings . . . are reviewed for an abuse of discretion." *Dailey*, 291 Mich App at 664. "In child custody cases, an abuse of discretion occurs if the result [is] so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Maier v Maier*, 311 Mich App 218, 221; 874 NW2d 725 (2015), (internal quotations omitted). "Lastly, the custody act provides that questions of law are reviewed for 'clear legal error.' " *Fletcher*, 447 Mich at 881, quoting MCL 722.28. A trial court commits "clear legal error" where it "incorrectly chooses, interprets, or applies the law[.]" *Id*. In sum, "in child-custody disputes, 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Dailey*, 291 Mich App at 664, quoting MCL 722.28.

## III. ANALYSIS

Pursuant to MCL 722.27a(1), "[p]arenting time shall be granted in accordance with the best interests of the child." With regard to the best interests of children, MCL 722.27a(1) requires that this Court presume that it would be "in the best interests of a child for the child to have a strong relationship with both of his or her parents." The right to parenting time, however, is not absolute. See *Rozek v Rozek*, 203 Mich App 193, 194; 511 NW2d 693 (1993).

The primary issue presented in this case is whether the trial court's order modified a parenting time order. If it did, then the trial court made a clear error of law by entering the order without first holding an evidentiary hearing regarding the contested best interests of the children. See *Shade v Wright*, 291 Mich App 17, 31-32; 805 NW2d 1 (2010). We hold that the trial court order was not an order modifying parenting time, and a full evidentiary hearing was not required. It is important to note that the Child Custody Act provides the trial court with broad power to enter orders in custody and parenting time disputes. *Blaskowski v Blaskowski*, 115 Mich App 1, 7-8; 320 NW2d 268 (1982) ("The trial court is granted extremely broad powers in custody cases."). Indeed, "[i]f a child custody dispute has been submitted to the circuit court . . . the court may . . . [t]ake any other action considered to be necessary in a particular custody dispute." MCL 722.27(1)(e). We conclude the trial court order did not affect parenting time.

We have defined parenting time as "the time a child spends with each parent." *Lieberman v Orr*, 319 Mich App 68, 80; 900 NW2d 130 (2017). Although this is a broad definition, we cannot conclude that the contact ordered between defendant and the children constitutes "parenting time." More precisely, a court-ordered video conference between defendant, the children, a Californian therapist, and a Michigan therapist (Cotter) does not constitute "parenting time" envisioned under the Child Custody Act. This is particularly true where the trial court ordered the therapists, rather than defendant, to direct and control the video conference sessions. According to the court order, the therapists will determine whether there should be further video interaction between defendant and the children beyond the initial video conference, and they will control the frequency, duration, and method of each continued contact. In fact, either therapist can end further contact after a single session. The video conferences will last no longer than six months, when the Friend of the Court makes a recommendation to the trial

-4-

court whether a hearing to change parenting time is warranted. Overall, the trial court's decision did not amount to clear legal error because the order does not affect parenting time and was a proper exercise of the trial court's broad power over the parenting dispute.

The trial court's intent to not alter parenting time is clear from the order. The trial court repeatedly and explicitly stated that the order does not modify the last parenting time order, which suspended defendant's parenting time since 2012. The trial court also held that it would only consider a modification of parenting time after the children and defendant had been involved in family therapy for up to six months. The trial court would then entertain a motion for a change of parenting time only *after* the Friend of the Court reviewed the matter and submitted a positive recommendation. Only then would the trial court hold an evidentiary hearing and determine whether a change of parenting time is merited. The order was clear to not change parenting time, and we cannot conclude that the trial court committed clear legal error when it entered its order without holding an evidentiary hearing on the contested best interests of the children.

Because the order did not modify parenting time, the various procedural requirements necessitated under the Child Custody Act when parenting time is modified are inapplicable in the present case. Instead, the trial court entered the order pursuant to its broad statutory power in custody cases. MCL 722.27(1)(e). Because plaintiff's entire argument on appeal relies on the fact that the order modified parenting time, her appeal is without merit.

Additionally, contrary to plaintiff's argument on appeal, the trial court did abide by the most general requirements of due process. "Due process is a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). "At a minimum, due process requires notice and an opportunity to be heard in a meaningful time and manner." *Spranger v City of Warren*, 308 Mich App 477, 483; 865 NW2d 52 (2014). While plaintiff argues that she was denied her due process rights when the trial court refused to allow her to present her own evidence, the record reveals that plaintiff had notice of the hearing and was provided with an opportunity to be heard. See *id*. Indeed, the trial court held a three-day hearing accepting the testimony of Cotter. Much of that hearing consisted of plaintiff's cross-examination of the witness. Although plaintiff's purported evidence was repeatedly ruled as inadmissible, plaintiff was still permitted to cross-examine Cotter on the content of that evidence by asking how Cotter dealt with the allegations during therapy. Further, the trial court made clear on the record that it had a copy of, and had considered, the prior psychological evaluation performed in the case. Therefore, because the order appealed was not an order modifying parenting time the strict procedural requirements of MCL 722.27(1)(c) were not required, and the trial court did not abuse its discretion or violate principles of due process by entering the order after taking testimony from Cotter. See *Al-Maliki*, 286 Mich App at 485. Indeed, there is no basis to hold that the trial court's decision to have defendant and the children engage in family therapy was "so palpably and grossly violative of fact and logic that it evidence[d] not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Maier*, 311 Mich App at 221 (quotation marks and citation omitted).

The trial court stated in its order that it would not consider a change to parenting time for at least six months, and then only upon a recommendation from the Friend of the Court. If the

trial court considers a change to parenting time at that point, it will be required to hold an evidentiary hearing to address plaintiff's concerns and accept additional evidence regarding the best interests of the children. Until then, however, the trial court did not err in entering the order appealed pursuant to its broad statutory power to do so. MCL 722.27(1)(e).

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron