*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BENJAMIN ASHMORE,

       Plaintiff-Appellant,

v

KELLY ASHMORE,

       Defendant-Appellee.

UNPUBLISHED
June 4, 2020

Nos. 350375; 351761; 351844
Oakland Circuit Court
LC No. 2014-819119-DC

Before: BECKERING, P.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM.

In Docket No. 350375, plaintiff, Benjamin Ashmore, appeals as of right the trial court's August 22, 2019 order requiring plaintiff to return his and defendant Kelly Ashmore's minor child, LA, to Michigan by 5:00 p.m. on August 25, 2019, denying plaintiff's request for temporary relief, and ordering that LA attend school in Michigan until further notice. In Docket No. 351761, plaintiff appeals by leave granted[1] the trial court's August 28, 2019 order suspending his parenting time and issuing a bench warrant for his arrest. And, in Docket No. 351844, plaintiff appeals by leave granted[2] the trial court's October 15, 2019 order denying his motion for reconsideration. We affirm the trial court's October 15, 2019 order in Docket No. 351844, vacate the trial court's August 22, 2019 order in Docket No. 350375 to the extent that it effectively concluded there was no proper cause to revisit custody, and vacate that portion of its August 28, 2019 order in Docket No. 351761 suspending plaintiff's parenting time, and we remand for further proceedings.

---

[1] *Benjamin Ashmore v Kelly Ashmore*, unpublished order of the Court of Appeals, entered January 10, 2020 (Docket No. 351761).

[2] *Benjamin Ashmore v Kelly Ashmore*, unpublished order of the Court of Appeals, entered January 10, 2020 (Docket No. 351844).

## I. FACTS AND PROCEDURAL HISTORY

There is a long procedural history between the parties. This custody case involves plaintiff's and defendant's minor daughter, LA, and whether she would attend high school and live with plaintiff in New Jersey, or stay with defendant in Michigan.

On June 30, 2011, a judgment of divorce was entered in a New York court. The judgment of divorce awarded defendant sole legal and physical custody of the parties' three children, granted plaintiff supervised parenting time, and allowed defendant to move to Michigan with the children. Defendant and her three children moved to Michigan, and plaintiff moved to New Jersey. After contentious proceedings and attempts by plaintiff to obtain custody of the children, the parties entered into a May 26, 2015 consent order[3]. The parties were awarded joint legal custody of the children, with defendant to have primary custody of LA and the couple's other daughter, while plaintiff had primary custody of the couple's son. The May 26, 2015 consent order provided that defendant "shall have primary residence for school purposes of . . . [LA]" but also contained an "8th Grade Clause" regarding LA, which stated:

> IT IS FURTHER ORDERED that neither Plaintiff nor Defendant shall raise the issue of [LA's] preference regarding her primary residence before the second semester of her 8th grade year. If, at that time, she is still expressing a preference to live with Plaintiff, the parties shall mutually discuss [LA's] request, with Plaintiff encouraging [LA] to maintain her primary residence with Defendant. If Plaintiff and Defendant cannot mutually agree, they shall consult with, and seek a recommendation from [LA's] therapist on this issue. If the parties are still unable to agree, they shall seek resolution of the issue from the Friend of the Court and the parties agree to accept conclusively the recommendation of the Friend of the Court on this issue.

In the years after the 2015 consent order, plaintiff filed several motions to modify custody and parenting time. At issue here is plaintiff's May 8, 2019 motion, in which he sought to modify the consent order on the basis of the 8th-grade clause because LA allegedly expressed a desire to move to New Jersey to attend high school. After defendant objected to plaintiff's motion, and a reply from plaintiff discussing, in relevant part, LA's alleged decline in mental health, the trial court entered an order on May 23, 2019, stating, in relevant part:

> **IT IS HEREBY ORDERED** that [the] parties follow through with the plan outlined in the 5/26/15 Order, beginning with mutual discussion, then getting a recommendation from [LA's] therapist regarding [LA] moving to NJ to attend school there in the fall—parties to sign releases for therapist to speak with CPTS Kathleen Doan, and then submitting the matter to the Friend of the Court for [a] hearing.

---

[3] The parties and the trial court signed the order on May 21, 2015, but it was entered into the register of actions on May 26, 2015.

Less than two months later, on July 8, 2019, Friend of the Court Referee Evanne L. Dietz issued a recommendation related to plaintiff's motion to modify the consent order. Referee Dietz noted that although the case was on the trial court's docket on May 22, 2019, "it was discovered that the parties had not yet followed the terms of [the May 2015 consent order] and were instructed to do that before further action could be taken on Plaintiff's Motion." Referee Dietz also noted that before his May 8, 2019 motion, plaintiff filed two motions to modify custody, contrary to the provision in the consent order stating that "neither Plaintiff nor Defendant shall raise the issue of [LA's] preference regarding her primary residence before the second semester of her 8th grade year." With respect to plaintiff's May 8, 2019 motion, Referee Dietz found that plaintiff had not only "fail[ed] to abide by the terms of the order up to this point," but he also "had not followed the prescribed steps contained within the [May 2015 consent] order" when he filed his May 8, 2019 motion. After quoting the trial court's May 23, 2019 order, Referee Dietz observed that "[w]hile it appears that the parties have had some discussion and did have a meeting with [LA's] therapist, [Dr. Jennifer Gramzow,] who did call to speak with CPTS Kathleen Doan," there still had not been a "legal determination that the current custody order, or established custodial environment, should be changed." Referee Dietz asserted that the question of whether proper cause or a change of circumstances existed had to be answered for the trial court to then determine "whether an established custodial environment exists before it can consider modifying an existing custody order." Referee Dietz explained that, other than the parties' agreement to discuss LA's relocation to New Jersey, "there appear[ed] to be no legal basis to modify custody at th[at] time."

On August 9, 2019, plaintiff sent by facsimile to the Friend of the Court and by mail to the trial court an affidavit in support of his May 8, 2019 motion, explaining the circumstances of the May 23, 2019 order, objecting to Referee Dietz's recommendation, and seeking to disqualify Referee Dietz. On August 16, 2019, the trial court issued a memorandum explaining it was "the responsibility of any moving party to properly file a motion to place matters, via motion, notice of hearing, and a praecipe or repraecipe if appropriate, on the court's calendar." The trial court continued, "But for court staff conducting status checks on files, the court would not have known of this filing." The memorandum then stated, "Until otherwise ordered by the court, the minor child [LA] shall begin school in Michigan."

On August 19, 2019, defendant filed a request for an emergency hearing to adopt Referee Dietz's recommendation and entry of an order enforcing the return of LA to defendant before school started on August 27, 2019. Defendant was "fearful" that unless an emergency hearing was held and an order for LA's immediate return was entered, plaintiff would not return LA to defendant. Defendant contended that plaintiff continued to disobey court orders and had encouraged LA to do the same. That same day, the trial court entered an order regarding defendant's emergency motion. The trial court ordered that the clerk "place the matter on [the trial court's] August 21, 2019 docket" and ordered the parties to appear on that date for further proceedings.

Plaintiff filed a response to defendant's emergency motion requesting denial of defendant's motion or, at least to appear by telephone or Judge Online or adjourn the hearing, and requesting

a temporary order allowing LA to remain New Jersey. In an August 22, 2019 order[4], the trial court granted plaintiff's request to adjourn the August 21, 2019 hearing and ordered the parties to appear on August 28, 2019, instead. Moreover, the trial court ordered that plaintiff "shall produce the minor child [LA] to mother [defendant], in Michigan, no later than 5pm on Sunday, August 25, 2019," and that LA "shall attend school, in Michigan, until further order." The trial court denied plaintiff's request for a temporary order allowing LA to remain in New Jersey.

After plaintiff failed to return LA to defendant in violation of the trial court's August 22, 2019 order, the trial court entered an order appointing counsel to represent plaintiff at the August 28, 2019 motion hearing. After the August 28, 2019 hearing, the trial court entered an order suspending plaintiff's parenting time under MCR 3.207(B)(1) until further order of the court. The trial court also issued a bench warrant, dated August 28, 2019, to secure plaintiff's appearance.

Shortly before the trial court entered its August 28, 2019 order, plaintiff filed an appeal from the trial court's August 22, 2019 order. This Court dismissed plaintiff's appeal for lack of jurisdiction on the basis that the order at issue was not a final order.[5] Plaintiff filed a motion for reconsideration, which this Court granted, vacating the dismissal order and reinstating plaintiff's claim of appeal.[6] This Court acknowledged that the "August 22, 2019, order, which effectively denied plaintiff appellant's motion to change domicile so that the minor child could attend high school in New Jersey, fits the definition of final order contained in MCR 7.202(6)(a)(*iii*)."

Plaintiff filed a motion for reconsideration of the trial court's August 28, 2019 order, arguing that the order should be vacated, and the bench warrant cancelled, because defendant agreed that LA should attend school in New Jersey. Plaintiff argued that defendant filed her emergency motion as a smokescreen under which defendant could hide and "effectively present to [LA] that it was the Court, and not the mother, who had decided and determined that [LA] should remain in Michigan." Plaintiff asserted there was "no other reasonable explanation" for the emergency motion, or defendant's refusal to file an answer with the Court of Appeals or to communicate with plaintiff regarding LA's return to Michigan. Plaintiff argued there was no good cause to suspend his parenting time, order LA to return to Michigan without a hearing, or issue a bench warrant. Plaintiff also argued that it was palpable error for the trial court to treat plaintiff's failure to abide by the August 22, 2019 order as contempt. On October 15, 2019, the trial court entered an order denying plaintiff's motion for reconsideration.

Plaintiff filed delayed applications for leave to appeal from the trial court's August 28, 2019 and October 15, 2019 orders. This Court granted plaintiff's delayed applications for leave

---

[4] The trial court signed the order on August 20, 2019, but it was entered into the register of actions on August 22, 2019.

[5] *Benjamin Ashmore v Kelly Ashmore*, unpublished order of the Court of Appeals, entered September 3, 2019 (Docket No. 350375).

[6] *Benjamin Ashmore v Kelly Ashmore*, unpublished order of the Court of Appeals, issued September 17, 2019 (Docket No. 350375).

to appeal in Docket Nos. 351761 and 351844, limiting the appeal "to the issues raised in the application and supporting brief," and, on this Court's own motion, consolidated Dockets Nos. 350375, 351761, and 351844.[7]

## II. MOTION TO MODIFY CONSENT ORDER

Plaintiff argues that the trial court erred by entering the August 22, 2019 order because it effectively denied his motion to modify the consent order pursuant to the 8th grade clause without first having a hearing and addressing its merits. For the reasons set forth below, we agree that error occurred.

Under MCL 722.28, this Court must affirm a custody order on appeal "unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Pierron v Pierron*, 282 Mich App 222, 242; 765 NW2d 345 (2009) (*Pierron I*), aff'd by *Pierron v Pierron*, 486 Mich 81; 782 NW2d 480 (2010) (*Pierron II*) (citations omitted). "The great weight of the evidence standard applies to all findings of fact; the circuit court's findings should be affirmed unless the evidence clearly preponderates in the opposite direction." *Pierron I*, 282 Mich App at 242-243 (citations omitted). In a child custody proceeding, an abuse of discretion occurs when a trial court's decision "is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Butler v Simmons-Butler*, 308 Mich App 195, 201; 863 NW2d 677 (2014) (citation and quotation marks omitted). "A circuit court commits legal error 'when it incorrectly chooses, interprets, or applies the law.'" *Pierron I*, 282 Mich App at 243 (citation omitted).

The Child Custody Act of 1970 (CCA), MCL 722.21 *et seq.*, outlines procedures for modifying child custody orders. MCL 722.27(1)(c) states:

> If a child dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:
>
> * * *
>
> (c) Subject to subsection (3), modify or amend its previous judgments or orders for proper cause shown or because a change of circumstances until the child reaches 18 years of age . . . . The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.

---

[7] *Benjamin Ashmore v Kelly Ashmore*, unpublished order of the Court of Appeals, entered January 10, 2020 (Docket Nos. 350375, 351761, and 351844).

"Under the CCA, if a child custody dispute has arisen, the circuit court may, in the best interests of the child, modify its previous orders or judgments 'for proper cause shown or because of change of circumstances . . . .' " *In re AP*, 283 Mich App 574, 600; 770 NW2d 403 (2009), quoting *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). "Thus, the party seeking a change of custody must first establish proper cause or change of circumstances by a preponderance of the evidence." *In re AP*, 283 Mich App at 600. To establish proper cause sufficient to justify revisiting custody, there must be appropriate grounds that have, or could have, a significant impact on the child's life such that a reevaluation of custody should be made. *Vodvarka*, 259 Mich App at 511. To establish a change of circumstances sufficient to justify revisiting custody, there must be a change in conditions related to custody since entry of the last custody order that has had, or could have, a significant impact on the child's well-being. *Corporan v Henton*, 282 Mich App 599, 604; 766 NW2d 903 (2009).

The "8th grade clause" of the parties' May 2015 consent agreement required the parties to do three things once LA reached the second semester of 8th grade and still expressed a desire to live with plaintiff and attend school in New Jersey. They had to mutually discuss LA's request, with plaintiff encouraging LA to keep her primary residence with defendant. If the parties could not agree, they had to seek and obtain a recommendation from LA's therapist on the issue. If the parties still could not agree, the May 2015 consent agreement required them to "seek resolution of the issue from the Friend of the Court[.]" Further, the parties agreed "to accept conclusively the recommendation of the Friend of the Court on this issue." The court's May 23, 2019 order stated that the parties had not yet fully complied with these requirements, and ordered them to do so.

In her July 8, 2019 recommendation, Referee Dietz acknowledged the steps the parties had eventually taken in accord with the 8th grade clause requirements: mutual discussions had been held and the parents had met with LA's therapist, who spoke with "CPTS Kathleen Doan." Nevertheless, rather than address its recommendation in light of the child's preference and the therapist's recommendation for LA, the referee simply concluded that, because there had not yet been a legal determination that proper cause or a change in circumstances existed, no legal basis existed to revisit the current custody order. In our view, however, the parties' substantial compliance with the terms of the 8th grade clause, which led to a continued impasse, constituted proper cause to revisit the custody issue.[8]

---

[8] The record suggests that neither party complied perfectly with their agreement. As the referee pointed out, plaintiff filed two motions to change custody prior to the second semester of LA's 8th grade year, which suggests that he did not fulfill his obligation to urge LA to keep her primary residence with defendant. In addition, there are allegations that defendant's friends or family may have informed LA prematurely about the 8th grade clause. The consent agreement did not contain any provisions for what to do in such circumstances. Despite their imperfect compliance, the record shows that defendant agreed with plaintiff that they could not resolve the issue on their own and should follow the path established in their 2015 consent agreement. In a December 11, 2018 e-mail attached to plaintiff's May 8, 2019 motion, defendant recommended that plaintiff "go to the [FOC] and call [LA's] counselor if you haven't talked to her in a while. See what she thinks. This was all in our order to do so let's do them, get them resolved and do this as peaceful as

Implicit in the May 2015 agreement between the parties was that if LA still wanted to move to New Jersey by the second semester of her 8th grade year, and the parties followed certain agreed-upon steps but still could not agree as to LA's primary residence, proper cause would exist to revisit custody. The parties would submit the issue to the Friend of the Court for a best-interest determination and accept the Friend of the Court's recommendation. Thus, to the extent the referee indicated that the parties had followed the path they had laid out in their agreement, proper cause existed to warrant revisiting the custody issue. Apparently laboring under the misapprehension that the court's May 23, 2019 order instructed the Friend of the Court to hold a hearing, the parties failed to take steps to "submit[] the matter to the Friend of the Court for [a] hearing" after the May 23, 2019 order. However, plaintiff's May 8, 2019 motion to modify custody was still pending, thus giving the court the opportunity to refer the issue of LA's residence to the Friend of the Court in accordance with the parties' consent agreement.[9] Given these circumstances, we conclude that the trial court erred. We vacate the August 22, 2019 order to the extent that it effectively denied plaintiff's May 8, 2019 motion on the basis that no proper cause existed to revisit the custody issue, and we remand this matter to the trial court for referral to the Friend of the Court for further proceedings in accordance with the parties' May 2015 consent agreement.

Plaintiff also argues that his right to due process was violated when the Friend of the Court provided advance notice to defendant but did not mail to him Referee Dietz's recommendation and did not call to advise him about it until 10 days after it had been docketed, and when the trial court returned letters he wrote to the court apparently without reviewing them. We disagree.

Due process essentially denotes fundamental fairness. *In re Beck*, 287 Mich App 400, 401; 788 NW2d 697 (2010), aff'd on other grounds 488 Mich 6 (2010). Procedural due process requires "notice and a meaningful opportunity to be heard before an impartial decision maker." *Id*. Plaintiff acknowledges that he was notified of Referee Dietz's recommendation on July 20, 2019, and that he received it on July 29, 2019. Plaintiff also admits that, despite not checking his voicemail for over a month, he received a voicemail from CPTS Kathleen Doan informing him that Referee Dietz's recommendation had been mailed to him on July 8, 2019. Plaintiff has not established that his due process rights were violated under these circumstances.

As for the letters plaintiff sent to the trial court, plaintiff attached to his brief on appeal a July 29, 2019 letter from the trial court indicating that it had received his letters but could not "respond to, or consider" them because they were "ex parte communications" and that he had to "follow the proper procedures" if he "wish[ed] to bring a matter to the Court's attention . . . ." Given the dangers inherent in ex parte communications, including "depriv[ing] the absent party of the right to respond and be heard," "suggest[ing] bias or partiality on the part of the judge," the "risk of an erroneous ruling on the law or facts" because of one-sided argumentation or incomplete

---

possible." She expressed similar sentiments in an April 2019 e-mail, shortly before plaintiff filed his motion to modify custody.

[9] In his May 8, 2019 motion, plaintiff asked the trial court to decide the issue instead of the Friend of the Court. However, according to the terms of the May 2015 consent agreement, which plaintiff asked the trial court to enforce, the parties were required to submit the issue to the Friend of the Court, and they agreed to be bound by its conclusion.

or inaccurate information, and an "invitation to improper influence if not outright corruption," the trial court did not err or deprive plaintiff of due process when it did not review plaintiff's letters. *Grievance Administrator v Lopatin*, 462 Mich 235, 262-263; 612 NW2d 120 (2000) (quotation marks and citation omitted).

Plaintiff also claims that he was denied due process when the trial court refused to allow him to appear by Judge Online for the emergency hearing scheduled for August 21, 2019. However, in plaintiff's response to defendant's emergency motion, plaintiff requested to either appear by telephone or Judge Online or to adjourn the emergency hearing. The trial court adjourned the hearing until August 28, 2019. Thus, plaintiff's claim that the trial court denied him due process is without merit because the trial court granted his request by postponing the emergency hearing until August 28, 2019. To the extent plaintiff claims he was denied due process related to the August 28, 2019 hearing, that claim is without merit. According to the trial court's August 28, 2019 order, plaintiff was in the courthouse and ready to attend and participate in the hearing scheduled for that day. However, before appearing in front of Referee Dietz and going on the record, plaintiff left the courthouse. As a result, any lost opportunity to participate in the August 28, 2019 hearing was the result of plaintiff's conduct, not the trial court's.

### III. PARENTING TIME AND SERVICE ON THIRD PARTIES

Plaintiff argues that the trial court erred when it entered the August 28, 2019 order and suspended his parenting time. Plaintiff fails to cite supporting authority and, therefore, has abandoned the issue. *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003) (stating that failure to cite supporting authority and properly address the merits of an assertion of error constitutes abandonment of the issues on appeal). However, "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice . . . ." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Because this issue involves parenting time with a minor child, and failure of the Court to consider whether the trial court erred by suspending plaintiff's parenting time may result in manifest injustice, this Court will address the merits of the issue.

The trial court erred by suspending plaintiff's parenting time. The trial court explained that it was suspending plaintiff's parenting time because of his "conduct at court" and "his failure to comply with multiple court orders to return the minor child to Michigan so that she may begin school . . . ." The trial court also explained that, under MCR 3.207(B)(1), it found that the "specific facts set forth in the pleading demonstrate 'that irreparable injury, loss, or damage [would] result from the delay required to effect notice, or that notice itself will precipitate adverse action before an order can be issued.' "[10]

---

[10] Plaintiff argues that the trial court did not identify "the pleading" that demonstrated the potential irreparable injury, loss, or damage that might occur from delayed notice, or notice itself. While the trial court only stated "the pleading," it is clear from the face of the order that defendant's August 19, 2019 emergency motion was the subject of the August 28, 2019 hearing. Specifically,

"Parenting time shall be granted in accordance with the best interests of the child. It is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents." MCL 722.27a(1). "A child has a right to parenting time with a parent unless it is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health." MCL 722.27a(3). Therefore, before a trial court can enter an order suspending parenting time, the trial court must hold an evidentiary hearing and find by clear and convincing evidence that continuation of parenting time would endanger the child's physical, mental, or emotional health. *Rozek v Rozek*, 203 Mich App 193, 194-195; 511 NW2d 693 (1993).

"Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010). "[A] court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). In the present case, the trial court's August 28, 2019 order suspending plaintiff's parenting time does not discuss whether it found by clear and convincing evidence that the continuation of plaintiff's parenting time would endanger LA's physical, mental, or emotional health. Moreover, the trial court entered the order without holding an evidentiary hearing to determine whether suspension of plaintiff's parenting time was warranted. The trial court's decision to enter the August 28, 2019 order without holding an evidentiary hearing and making findings on the basis of clear and convincing evidence was plain error. *Rozek*, 203 Mich App at 194-195; *Shade*, 291 Mich App at 20-21.

Moreover, the trial court had no authority to suspend parenting time under MCL 712A.13a(13), which states that suspension of parenting time is permitted only when parenting time imposes a risk of harm to the child. The trial court made no findings of harm and instead based its suspension of plaintiff's parenting time on plaintiff's "conduct at court" (apparently leaving the courthouse without meeting with Referee Dietz or going on the record) and his failure to comply with court orders to return LA to Michigan. The trial court's reasons for suspending parenting time did not justify the suspension under MCL 712A.13a(13). To the extent the trial court's order relies on allegations in defendant's August 19, 2019 emergency motion to justify its suspension of plaintiff's parenting time, defendant's motion did not allege that LA was at risk of any harm by virtue of residing with plaintiff in New Jersey. In fact, defendant conceded that LA had "a desire to live in New Jersey . . . ." And, to the extent any of defendant's allegations in her emergency motion can be construed as presenting a risk of harm to LA, they remain only allegations and do not rise to the level of clear and convincing evidence necessary to suspend parenting time. *Rozek*, 203 Mich App at 194-195. Further, plaintiff was prejudiced because his parenting time with his child was suspended without a hearing. Therefore, the August 28, 2019 order suspending plaintiff's parenting time is vacated and we remand to the trial court for the proper procedure to be followed. "On remand, the trial court 'should consider up-to-date

---

the August 28, 2019 order states: "On August 28, 2019, the parties appeared on Defendant [mother's] adjourned emergency motion per the court's August 20, 2019 order."

information' and 'any other changes in circumstances arising since the' " August 28, 2019 order. *Kessler v Kessler*, 295 Mich App 54, 63; 811 NW2d 39 (2011).

Plaintiff also argues that the trial court erred by directing the court clerk to serve the August 28, 2019 order and bench warrant on several third parties, including plaintiff's appointed attorney, law school, and employers. Plaintiff provides no supporting authority and, as a result, he has abandoned the issue. Because this Court is not convinced that manifest injustice would result by our failure to consider this issue, we decline to do so. *Houghton*, 256 Mich App at 339-340.

## IV. MOTION FOR RECONSIDERATION

Plaintiff next argues that the trial court erred when it denied his motion for reconsideration as untimely. We disagree.

MCR 2.119(F)(1) states that a motion for reconsideration "of the decision on a motion must be served and filed not later than 21 days after entry of an order deciding the motion." Mailing a document does not constitute "filing" a document. *Hollis v Zabowski*, 101 Mich App 456, 458; 300 NW2d 597 (1980) (citations omitted). A document is not considered filed until it is delivered to the clerk of the court or to the judge. MCR 1.109(C); *Biafore v Baker*, 119 Mich App 667, 669; 326 NW2d 598 (1982), citing *People v Madigan*, 223 Mich 86, 89; 193 NW 806 (1923) ("[A] paper or document is filed when it is delivered to and received by the proper officer to be kept on file, and the endorsement of the officer with whom it is filed is but evidence of the time of filing.")

The date next to the signature block at the end of plaintiff's motion for reconsideration is September 17, 2019. However, the record reflects that plaintiff's motion was not delivered to the clerk of the court until September 23, 2019. The stamp on the front of the motion indicates it was received for filing at 4:05 p.m. on September 23, 2019. Plaintiff requested reconsideration of the trial court's August 28, 2019 order suspending his parenting time and issuing a bench warrant for his arrest. Under MCR 2.119(F)(1), plaintiff had to file the motion within 21 days of the entry of the August 28, 2019 order. Thus, plaintiff's motion should have been filed on or before September 18, 2019, which was one day after plaintiff signed it. Because plaintiff's motion for reconsideration was not delivered to the clerk of the court until September 23, 2019, despite allegedly being mailed on September 17, 2019, the trial court did not err in concluding that plaintiff's motion was untimely.

## V. REQUEST FOR REFERRAL TO JUDICIAL TENURE COMMISSION AND REASSIGNMENT TO A DIFFERENT JUDGE ON REMAND

Next, plaintiff argues that the trial judge's conduct warrants referral to the Judicial Tenure Commission. We disagree.

A party must raise a claim of judicial misconduct below to preserve the issue for appellate review. MCR 2.003; *Evans & Luptak v Obolensky*, 194 Mich App 708, 715; 487 NW2d 521 (1992). Plaintiff did not raise a claim of judicial bias below. Therefore, the issue is unpreserved and our review is for plain error affecting substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).

"A trial judge is presumed to be impartial and the party who asserts partiality has a heavy burden of overcoming that presumption." *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009). To establish judicial bias, the party asserting partiality must show that "the trial court harbored deep-seated favoritism or antagonism . . . that would make fair judgment impossible." *Berger v Berger*, 277 Mich App 700, 714; 747 NW2d 336 (2008). Establishing judicial bias or prejudice "usually requires that the source of the bias be in events or information outside the judicial proceedings." *Id*. A trial judge's unethical conduct may warrant referral to the Judicial Tenure Commission. See *People v Ellis*, 468 Mich 25, 26-28; 658 NW2d 142 (2003).

Review of the record does not reveal that the trial judge's conduct was unethical or demonstrated a "deep-seated . . . antagonism" toward plaintiff. Plaintiff claims that it was improper for the judge to serve LA's school, and his law school and employers, when he had a court-appointed attorney. However, the trial court could have reasonably concluded, even if potentially erroneously, that service on LA's school and on plaintiff's law school and employers, all in New Jersey where plaintiff lived, was more likely to ensure plaintiff received the order and bench warrant than service on his Michigan court-appointed attorney. Therefore, this Court cannot conclude that the judge's conduct warrants referral to the Judicial Tenure Commission.

Plaintiff also argues that the trial judge's conduct warrants reassignment to another judge should this Court decide to remand. We disagree.

Generally, " '[i]n reviewing a motion to disqualify a judge, this Court reviews the trial court's findings of fact for an abuse of discretion and reviews the court's application of those facts to the relevant law de novo.' " *In re Contempt of Henry*, 282 Mich App at 679 (citation omitted). Because plaintiff failed to raise the issue of judicial bias in the trial court by filing a motion to disqualify the trial judge, the issue is unpreserved. Therefore, this Court reviews the issue for plain error affecting defendant's substantial rights. *Rivette*, 278 Mich App at 328.

In *In re Bibi Guardianship*, 315 Mich App 323, 337; 890 NW2d 387 (2016), this Court observed:

> The general concern when deciding whether to remand to a different trial judge is whether the appearance of justice will be better served if another judge presides over the case. In deciding whether to remand to a different judge, this Court considers whether the original judge would have difficulty in putting aside previously expressed views or findings, whether reassignment is advisable to preserve the appearance of justice, and whether reassignment will not entail excessive waste or duplication. [Quotation marks and citations omitted.]

"The mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require . . . reassignment." *In re Contempt of Henry*, 282 Mich App at 680. This is true even if the trial court "vigorously and consistently expressed" the erroneous rulings. *Ireland v Smith*, 214 Mich App 235, 249; 542 NW2d 344 (1995), aff'd as mod on other grounds 451 Mich 457 (1996), quoting *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 155; 532 NW2d 899 (1995). In fact, "judicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy

-11-

presumption of judicial impartiality." *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001) (quotation marks and citations omitted).

Plaintiff has failed to establish that remand to a different judge is necessary. Plaintiff claims that by failing to hold any hearings and determining that LA should go to school in Michigan, the trial court judge prejudged the case and would have "great difficulty" putting aside her views if remanded for further proceedings. However, the mere fact that the judge ruled against plaintiff and ordered that LA was to attend school in Michigan is not sufficient to require reassignment. *In re Contempt of Henry*, 282 Mich App at 680. Because plaintiff has failed to show that the judge's actions "displayed a deep-seated . . . antagonism that would make fair judgment impossible" and has not overcome the presumption of judicial impartiality, plaintiff's request for reassignment is denied. *Armstrong*, 248 Mich App at 597.

## VI. CONCLUSION

We vacate the trial court's August 22, 2019 order in Docket No. 350375 to the extent that it effectively denied plaintiff's May 8, 2019 motion on the basis that no proper cause existed, despite the parties' 8th grade clause in the May 2015 consent agreement, and remand this matter to the trial court for referral to the Friend of the Court for further proceedings in accordance with the consent agreement. We also vacate that portion of the trial court's order suspending plaintiff's parenting time in Docket No 351761. We affirm the trial court's October 15, 2019 order in Docket No. 351844. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Karen M. Fort Hood
/s/ Douglas B. Shapiro

-12-